# M. M. TRIMBLE *et al. vs.* O. A. PATTON, TRUSTEE.

## July Term, 1872.

1. P. obtained a rule against T. and others to show cause why a writ of possession should not be awarded against them, requiring them to deliver certain lands into his possession which had been decreed him in a suit, to which they were not parties. They answered that they were in possession as tenants under S., who had been a party to the suit of P., and that the decree in favor of the latter was erroneous, and that S. had deceased since the rendition of the decree, and that the bill should have been dismissed as to S. HELD:

    I. That even if the bill should have been dismissed as to S., defendants to the rule had no right to avail themselves of that question in this appeal.

    II. For reasons given the decree was not erroneous.

    III. The decree being final as to S., it was unnecessary to suggest his death and waive the suit against his heirs in order to proceed with the rule.

2. A court of equity always has jurisdiction to carry into effect its own decrees and is not *functus officio* until the decree is executed by the delivery of possession. And where a person, not a party to the suit, is in possession of property which is the subject of the decree, and refuses to give it up, it is usual to make a rule upon him, and unless he shows a paramount right in himself, to order the property to be delivered up, and to enforce such order by attachment if necessary.

3. It is not error to try a cause at the term at which a sheriff is permitted to amend his return, showing that a party was duly served with notice, when in fact such party had been actually served, in due time, with notice to appear at that term.

4. A rule to show cause, where it begins "The State of West Virginia: To the sheriff of," &c., is held to run in the name of the State.

5. On the hearing of a rule to show cause why a writ of possession should not be awarded against the defendants, it is not error to hear oral testimony.

The appeal in this case was from an order of the circuit court of Fayette county, rendered at the August term, 1871, on a rule issued on the 7th of June preceding, against M. M. Trimble, William Crawford and J. C. Lewis, at the instance

of O. A. Patton, trustee, who was plaintiff in a certain suit
n that court, wherein Thomas Baxter and others were de-
fendants. A decree in this latter cause had been theretofore
rendered in favor of Patton, for certain land involved in the
controversy, (it was a suit for partition) and the defendants
Trimble and others, were in possession of the land decreed to
Patton, as tenants of one Stockton a party to the suit of Pat-
ton *vs.* Stockton. Stockton had deceased after the decree and
before the issuing of the rule. The points involved in the
case are fully stated in the opinion of *Moore, J.*

Trimble and others appealed.

*Miller & Davis* for Appellants.
*Patton & Knight* for Appellees.

MOORE J. Trimble, Lewis and Crawford have appealed
from an order made in this cause, by the circuit court of
Fayette County, at the August term 1871, awarding a writ
of possession after the service of a rule to show cause &c.

The appellants were not parties to the original suit, but be-
ing in possession of the land decreed to the plaintiff as trustee
for his wife and refusing to surrender possession thereof, the
plaintiff applied for a rule against them to show cause why
possession of the land should not be given to him. The rule
was awarded May 21st 1871, directing the appellants to be
summoned to appear on the first day of the next term of said
court, and the summons was issued pursuant thereto June
7th 1871, and duly served on the appellants. On the 26th
day of August, 1871, the appellants appeared in obedience to
the summons and filed an affidavit showing that Aaron Stock-
ton, one of the defendants in the original suit, had died after
the rendering of the decree awarding the land to plaintiff and
before issuing of said rule. The plaintiff's counsel moved to
take up the rule for trial, the defendants to said rule objected
that one of the defendants to said rule had not been served
with the summons to answer it, and thereupon the court per-
mitted the sheriff to amend his return so as to show that the
summons had been duly executed on all the defendants. The
defendants then asked time until the next term to prepare
their defence, the court refused to grant a continuance. The

defendants then moved to quash the rule upon the ground that it was improperly awarded and did not run in the name of the State, but the court overruled the motion and entered judgment upon the hearing of the rule. The plaintiff proved by William Crawford, one of the defendants to said rule, that he and his co-defendants were in possession of the land under the title of said Stockton, and claimed possession thereof as tenants of said Stockton. The defendants objected to the introduction of said evidence, but the court overruled the objection and awarded the writ of possession. Hence this appeal.

The appellants insist that the court erred in not dismissing the bill with costs as to Stockton. Even if that should have been done, I do not discover that the defendants to the rule have a right to avail themselves of it in this appeal.

Stockton was made a party to the original bill, which exhibited a deed from him conveying the land to William Tompkins on the 16th day of January, 1851, and which bill also charged that said Stockton, with other parties interested, agreed to divide the lands, in the bill mentioned, between themselves, and employed certain parties to make the partition; that the parties selected for that purpose made the partition of the lands, with the exception of one sixth part, which interest belonged to Joseph Buster, one of the heirs, who about that time had died, and which part yet remained undivided. That at the time of the division, Stockton relinquished the interest he held in right of Philip Buster to the said undivided portion of Joseph Buster, in consideration that the other parties interested would give him, (Stockton), choice of lots, which they did, and said Stockton chose a lot near the mouth of Loup Creek, and is now called "Loup Creek Landing," &c. That said Stockton entered upon the same, and took possession thereof, and then conveyed it to said Tompkins, in 1851, as aforesaid, by deed. The bill farther alleged, "The division before referred to, will be seen by map and paper herewith filed marked D, containing metes and bounds and abuttals, as taken from field notes of surveyor, the original, containing the assignments as made by commissioners as aforesaid, being destroyed. The present paper has been, and is now recognized by all the parties as being correct, and was afterwards by agreement, entered upon record"

&c. Stockton was duly summoned to answer the bill, but never answered, and the court decreed in favor of the plaintiff on the 21st day of November, 1868. Stockton did not die until some time after. The decree being a final decree, as to Stockton, made in his life-time, it was not necessary to suggest his death, and revive the suit against his heirs, in order to proceed with the rule. And as one object of the original bill was to establish a partition of the land made under an agreement to which Stockton was a party, and the evidence of which had been destroyed, Stockton was a proper party for discovery, and the bill should not have been dismissed as to him.

The appellants insist that the court erred in awarding the rule.

I think not. It is well established that a court of equity always has jurisdiction to carry into effect its own decrees, and is not *functus officio* until the decree is executed by the delivery of possession. *Newman* vs. *Chapman*, 2 Rand, 106; and where a person not a party to the suit is in possession of the property, and refuses to give it up, the usual course of the court is to make a rule upon such person, and, unless he show a paramount right in himself, to order the property to be delivered up, and to enforce such order by attachment, if necessary. *Commonwealth* vs. *Ragsdale*, 2 H. & M. 8.

The appellants insist that the court erred in compelling them to try the cause at the same term at which the process was amended. The court permitted the sheriff to amend his return on the summons, and certainly it cannot be held a sufficient cause to continue the case, as the party had in fact been summoned in due time to answer the rule at that term and could not be prejudiced by the amended return. Nor did the court err in refusing to quash the rule. It was properly awarded, and it was in the name of the State. Neither did the court err in hearing oral testimony at the trial of the rule, as that is the usual course adopted by the courts. I see no error sufficient to justify a reversal of the decree, and it should be affirmed with costs and damages.

The other Judges concurred.

JUDGMENT AFFIRMED.