# WHEELING.

CRIM vs. DAVISSON ET ALS.

1873.
June Term.

JOSEPH N. B. CRIM, PLAINTIFF AND APPELLEE, *against* REUBEN DAVISSON, ADM'R OF C. M. FELTON, JASON BROWN, GEORGE BROWN, J. H. STRICKLER, MANN ALMOND, PHILIP FELTON, VIRGINIA B. FELTON, DEFENDANTS, AND DANIEL FELTON, DEFENDANT AND APPELLANT.

| 6 | 465 |
| 39 | 19 |
| 6a | 465 |
| 48 | 530 |
| 6 | 465 |
| 54 | 235 |
| 54 | 615 |

Decided July 17th, 1873.

## SYLLABUS.

After a final decree has been made in a cause, it is error, at a subsequent term, to allow a party to file an answer, and thereupon to open up the proceedings, to set aside and reverse the former decree, and to hear and determine the cause *de novo.*

The case is stated in the opinion of the Court.

*Boggess* for Appellant.

57

1873.
June Term.

PAULL, Judge.

Crim
v.
Davisson
et als.

The Plaintiff filed his bill in 1869, vs. Reuben Davisson, adm'r of Caleb M. Felton, setting forth that said Felton was in debt to him, said Plaintiff, in the amount of a single bill for $36.45, executed by him to the firm of Strickler & Co., and by said firm assigned to the Plaintiff. The bill alleges that there are no assets in the hands of the administrator, and prays that the real estate of the intestate, Caleb M. Felton, may be subjected to the payment of Plaintiff's claim. The widow of the said Felton, (now married,) and her husband, together with the infant children of said Felton, are made parties; the infants appear by guardian *ad litem*, and all the parties are duly served with process. The proceedings being all properly matured, the court, at the November term thereof 1869, referred the cause to a master to audit, state and settle the administrator's accounts, and to take proof of and report all claims against the estate of said Caleb M. Felton, deceased, their several amounts and priorities, and any other matter deemed pertinent by himself or any of the parties. Notice of this order of reference was required to be published in some newspaper, published in the county of Harrison, according to law. At a subsequent term of the court in November 1870, the cause was heard upon the bill and exhibit, (a deed shewing the title of Caleb M. Felton to his lands,) the answer of the guardian *ad litem* and the report of the master, to which there was no exception. And it appearing to the Court, from the report of the commissioner, that there remained in the hands of Reuben Davisson, the administrator, a sum sufficient to pay the claim of the Plaintiff, and a few other small debts which had been reported, the Court rendered a decree that said creditors receive the amount of their said claims respectively from the administrator, and that they be paid out of the assets in his hands; and that the Plaintiff recover

1873.
June Term.

Crim
v.
Davisson
et als.

his costs in the suit, to be paid by the administrator out of funds in his hands.

This appears to be a final decree, ascertaining and settling, by regularly conducted proceedings, the rights and liabilities of all parties properly brougnt before the Court, disposing of the whole subject in controversy, giving all the relief contemplated, and leaving nothing to be done. At a following term of the court however, in April 1871, the defendant Reuben Davission, the administrator aforesaid, appears and asks leave to file his answer, which leave is given him, and his answer is filed, alleging that he was so busily occupied that he had no time to attend before the commissioner, though personally summoned, and alleging further that he had long since fully administered all the estate which had come to his hands. At the same term of the court, in April 1871, Daniel Felton asks and obtains leave to file exceptions to the commissioners report, and they are accordingly filed; he further obtains leave to file his petition, praying that he may be made a party defendant in said suit, and setting forth an equitable title in himself to the tract of land, described in the Plaintiffs bill, and there prayed to be sold for the payment of his claim: and this petition was thereupon remanded to rules for further proceedings to be had thereon. After these proceedings were thus had at this April term 1871, the Court proceeded at this same term of the Court to hear the case *de novo*, upon the papers formerly read, the former orders and decrees, the answer of the administrator and the exceptions filed to the commissioners report, and decreed first that said exceptions be overruled; and secondly, that it appearing to the court, that the administor has fully administered all the estate which came into his hands, and that a sale or decedent's land will be necessary for the payment of his debts, ordered that the former decree confirming the report of the commissioner, and directing the administrator to pay the several debts therein mentioned, be wholly set aside and reversed:

and thirdly, decreeing that the land described in the the Plaintiffs bill be sold for the payment of decedent's debts and claims as heretofore reported.

Without commenting upon the irregularities appearing upon the face of this last decree, in directing the land to be sold which was claimed by Daniel Felton, whose petition had been received and sent to rules for further proceedings, without awaiting their maturity; or in accepting the answer of the administrator as true, without another reference to the master for further report, and thereupon decreeing the sale of lands belonging to infants; the error of the Circuit Court consisted in permitting the answer of the administrator to be received and filed, at a subsequent term of the Court, after a final decree had been rendered in the cause, upon proceedings regularly had, and to which there is no exception. By the provisions of the Code, a defendant may file his answer at any time before final decree. To do this at a subsequent term of the Court, after the final decree was made is too late, and this gave rise to the irregular action of the Court, which was based upon it.

The decree of the 17th day of April 1871, is reversed, with costs to the Appellant; and this Court proceeding to render such decree as the Circuit Court should have rendered, doth adjudge, order and decree, that all the proceedings had in said cause at the April term 1871, be and the same are hereby dismissed, but without prejudice to any rights of Daniel Felton to the land referred to, and claimed by him in his petition filed in this cause.

HAYMOND, President, and HOFFMAN and MOORE, Judges, concur in the foregoing opinion.