# Wheeling.

## PAXTON v. RUCKER.

Decided November 1, 1879.

Upon the hearing of a rule against a person to show cause why he should not give up possession of a certain tract of land which had been sold to another under a decree of the court, the court makes a decree which shows that the court heard the cause upon the rule, the answer thereto, * * *. "*and upon the depositions taken upon the rule, and the evidence of the witnesses adduced in open court.*" But the record does not show what "the *evidence* of the witnesses adduced in open court" was. HELD:

| | 1879 |
|---|---|
| | Special Term. |
| 15 | 547 |
| e61 | 182 |
| 15 | 547 |
| 62 | 437 |

I. The Appellate Court will not assume that the court below erred in its decree when the testimony that was had before that court has not been preserved and is not before the Appellate Court.

II. A rule may be awarded against a person, not a party to the suit, in possession of land sold under a decree of the court to another person, to show cause why he should not surren der possession to the purchaser. *Trimble et al.* v. *Patton, trustee,* 5 W. Va.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Kanawha, rendered on the 16th day of July, 1872, in a cause in said court then pending, wherein Lyle Paxton was plaintiff and Wesley Rucker was defendant, taken by said Rucker.

Hon. James W. Hoge, late judge of the seventh judicial circuit, rendered the decree appealed from.

MOORE, JUDGE, furnishes the following statement of the case :

At the sale of certain lands belonging to the estate of Andrew Parks deceased, by Charles Hedrick, James H. Nash and A. T. Laidley commissioners appointed for that purpose by an order of the circuit court of Kanawha county, made in the cause of *Thompson C. Watkins et al.* v. *The administrator and heirs of Andrew Parks, deceased, et al.,* on the 16th day of April, 1869. Lyle Paxton, on the 24th day of November, 1869, became the purchaser of lot mumber four, for the sum of $252.00 which sale was confirmed by said court, April 12, 1870. On the 22d day of March, 1871, said Paxton filed in the circuit court of said county an affidavit in said cause, stating that Wesley Rucker was, at the time of said purchase, and is, in possession of about two hundred acres of said land, within the boundaries of said lot number four ; and alleging that said Rucker has no right or title thereto, or to the possession thereof, but wrongfully and illegally withholds the same from affiant ; that he has several times since his said purchase requested said Rucker to *attorn* to him, or surrender the premises occupied by him to affiant, but that Rucker constantly and persistently refused to *attorn* or surrender to affiant, &c. &c. ; and affiant therefore asked the court to award a rule against said Rucker, to show cause why a writ of possession should not be directed to the sheriff of Kanawha county, requiring him to deliver possession of the premises to affiant. Which rule the court awarded against Rucker to show cause why he should not be fined for contempt, and why a writ of possession should not issue against him.

On the 12th day of April, 1871, Rucker answered the rule, stating that he and his father Benjamin Rucker, purchased said land December, 20, 1851, from J. F. Rucker, that they had lived there ever since, claiming it as their own, and paying the taxes as they came out against them, that the sale and purchase were valid ;

three hundred acres; J. F. Rucker lived upon it and claimed it as his own long before this sale was made; about fifty acres under fence and cleared; that respondent had built upon it, and planted an orchard; and has and still holds with his father Benjamin Rucker, and claim and hold this three hundred acres, where they now live, against and adversely to all the world; that he is advised an action of ejectment is the proper mode in which to determine the title, "*and he demurs to the rule*, or asks the court to dismiss it at the cost of the party who took it &c;" that some six years ago he purchased from his father his one-half of the land, and got from him a deed therefor, of record in Kanawha county recorder's office. He filed with his answer a writing, purporting to be a title bond to Benjamin Rucker, Sr., and Wesley Rucker "for three hundred acres or more" from Joel F. Rucker, dated December 20, 1851. Smith and McWhorter objected to the paper, "because it has a false date; because it was not made and delivered on the day it bears date; that it was written very recently, and was introduced for a fraudulent purpose, and strict proof will be required as to its execution in every particular." Respondent also filed with his answer a deed from Benjamin Rucker to him, dated September 18, 1865, for three hundred and seven acres, recorded October 30, 1865, in Kanawha county recorder's office. On the 16th day of July, 1872, said court entered the following decree:

"And now at this day, to-wit: At a circuit court held for Kanawha county, at the court-house thereof, on the 16th day of July, 1872, this cause came on this 16th day of July, 1872, to be heard upon the rule heretofore awarded to Lyle Paxton, the purchaser of lot number four, sold under decree of the court in this cause against Wesley Rucker, the answer of said Rucker to the rule, and all the papers filed with the petition for rule and the said answer, upon the report of sale of the lands sold in this cause, and the plat laying off the same into lots for sale, upon the depositions taken upon the rule, and

the evidence of the witnesses adduced in open court, and was argued by counsel. Upon consideration of all of which the court is of opinion that Lyle Paxton, the purchaser of lot number four, as laid down and described on the plat aforesaid, is entitled to the possession of the whole of said lot number four, and that a part of said lot is held in contempt of this court by the said Wesley Rucker. It is therefore adjudged, ordered, and decreed that the said Wesley Rucker do immediately deliver to the said Lyle Paxton the possession of the said lot number four, as described and laid down upon the plat aforesaid, marked H, N, L, and filed with the commissioner's report in this cause ; and a writ of *habere facias possessionem* is awarded the said Lyle Paxton for the possession of said lot number four against the said Wesley Rucker. And it is ordered that the said Wesley Rucker pay to the said Lyle Paxton his costs by him about this rule in this behalf expended, including the sum of $20.00, as provided by law, and the said Paxton may have execution for his said costs."

From this decree Wesley Rucker appealed to this Court by filing an undertaking, August 3, 1872, as then required by law.

*T. B. Swann,* for appellant, cited the following authorities :

24 Wend. 221 ; *Kincheloe* v. *Tracewells,* 11 Gratt. 587 ; 4 Rand. 72 ; *Smith* v. *Chapman,* 10 Gratt. 449 ; *Taylor* v. *Burnsides,* 1 Gratt. 165 ; 5 W. Va. 432.

*H. C. McWhorter,* for appellee, cited the following authorities :

5 W. Va. 435 ; 2 H. & M. 8 ; 2 Rand. 106 ; 15 Gratt. 132.

MOORE, JUDGE, delivered the opinion of the Court :

It appears from the decree appealed from, that this cause was "heard upon the rule heretofore awarded to Lyle

Paxton, the purchaser of lot number four, sold under decree of the court in this cause, against Wesley Rucker, the answer of said Rucker to the rule, and all the papers filed with the petition for rule and the said answer, upon the report of sale of the land sold in this cause, and the plat laying off the same into lots for sale, upon the depositions taken upon the rule, *and the evidence of the witnesses adduced in open court,* and was argued by counsel." This cause has been retained by this Court for a long time without adjudication, because of the incomplete condition of the record. The Court has tried to have the case presented to it fully, and in furtherance of that object has heretofore directed the writ of *certiorari* that a full and complete record of the proceedings, had upon the rule by the court below, might be made out and presented, so as to enable us to see the true foundation of the decree. The return to that writ has brought up a number of loose and unauthenticated papers, that cannot be considered as a part of the record. It does, however, appear, that *"the evidence of the witnesses adduced in open court,"* was not taken and preserved in legal form; that what is now presented to us, in the loose papers, and asked to be considered as the evidence of those witnesses, is in fact merely the rough notes taken by a member of the bar, without authority, and not for the purpose of preserving the testimony of the witnesses; and they are not claimed to be full and complete, and in fact, show on their face defects and incompleteness, such as is usual to such notes when taken merely to assist the memory of an attorney. Under these circumstances, I do not think that this Court should assume that the court below erred, when the testimony that was had before that court has not been preserved, and is not now before this Court. The Appellate Court will not assume these notes to be the evidence upon which the court below acted, when they are nowhere recognized or certified as such by the court below. If the parties desired to preserve the testimony of those witnesses, so as to have been considered

by the Appellate Court, they could have done so in either of the legal modes opened to them, but having failed to do so, they must take the consequence of their own negligence. Therefore, as all the evidence is not before us, which was adduced before the circuit court, I am of opinion that the decree should be affirmed, but without prejudice to the rights of the appellant to proceed in the premises as may be right and proper according to the rules and law governing such matters. It has been questioned whether this rule was permissible in this case. Rucker made a *quasi* demurrer to the rule. Looking to the affidavit which laid the foundation for the issuing the rule, it is plain that the court, upon the authorities cited by counsel for appellee, acted within its proper jurisdiction, and under the practice of courts of chancery in such cases, in awarding the rule. A court of equity always has jurisdiction to carry into effect its own decrees. *Newman* v. *Chapman,* 2 Rand. 93. Judge Green, in that case, says: " The court of chancery is not *functus officio,* until the decree is executed by the delivery of possession," p. 106. In the case of *Commonwealth* v. *Ragsdale,* 2 H. & M. 8, the court gave the practice as follows : "The usual course of the court has been to make a rule upon the person in possession, where he is not a party to the suit ; and, unless he shows a paramount right in himself, to order the property to be delivered to the commissioners acting under the decree ; and, if necessary, to enforce such order by an attachment." In that case *Quarels* was in possession of certain negroes, whom he acquired after the mortgage was duly of record, and refused to give them up to the commissioners, to be sold according to the decree of the court. In the case of *Trimble et al.,* v. *Patton, trustee,* 5 W. Va. 432, this Court followed the same principle, and held the practice to be the same where a person, not a party to the suit, refused to give up possession of land decreed to another.

Whether Rucker did, or did not show a *bona fide* claim of paramount title in himself, we cannot, for the

reasons before assigned undertake to decide upon this appeal as presented to us.

Decree affirmed, with costs and $30.00 damages.

THE OTHER JUDGES CONCURRED.

DECREE AFFIRMED.