## Staunton.

### Stout v. Stout & Others.

#### September 26, 1905.

1. Res Judicata—*Final Decree—Failure to Appeal—Case in Judgment.*—
The record in this case disclosed the fact that in a prior suit,
under proper pleadings, with all necessary parties before the
court, it had been finally determined by a competent court, with
jurisdiction of the subject matter. and the parties, that the ap-
pellant had only a life estate in the property which she now claims
in fee. The decree so determining was final, and from it no appeal
was taken, and to revive it no bill was filed, within the time pre-
scribed by law. Her rights and interests were thereby irrevocably
fixed and ascertained, and cannot now be changed by any court,
original or appellate.

2. Equity—*Final Decree—Leave to Reinstate.*—Where all matters
involved in a cause have been fully and finally disposed of, and
the cause has been retired from the docket, the reservation at the
foot of the decree of leave to any party "to reinstate the cause and
seek any proper relief at the foot of this decree" does not render
the decree any less final than before, and was not intended to
authorize any party to have the case reheard on its merits and
former adjudications of the court set aside and annulled.

Appeal from decree in chancery of the Circuit Court of Au-
gusta county. Decree in favor of complainants. One of de-
fendants appeals.

*Affirmed.*

The opinion states the case.

*Patrick & Gordon* and *Timberlake & Nelson,* for the ap-
pellant.

*Bumgardner & Bumgardner,* for the appellees.

HARRISON, J., delivered the opinion of the court.

The appellant seeks, by this appeal, to establish her right under the will of her late husband, John W. Stout, to a fee simple estate in a certain house and lot on Frederick street, in the city of Staunton.

We are met at the threshold of the appellant's claim with the contention that her interest in the house and lot mentioned has already been adjudicated, and held to be a life estate merely, and that all question touching her estate therein is now beyond the reach of further judicial inquiry. If this contention be well founded, it is obvious that the appellant cannot prevail in this court.

It appears from the record that in April, 1893, the executor of John W. Stout, deceased, filed his bill in the Circuit Court of Augusta county, asking that the will of his testator be construed, and that the rights of his widow in the estate, after paying debts and costs, be determined; the court being especially asked to say whether she took an absolute estate in the residuum, or an estate for life only, and if only an estate for life whether the property was to be turned over to her, or to be held by the executor as trustee. In response to the prayer of this bill all necessary parties, including the appellant, were brought before the court, and in May, 1893, a decree was entered containing, among others, the following provision: "And the court having maturely considered the will of John W. Stout, deceased, is of opinion and doth decree that Kate R. N. Stout, the widow of said decedent, is, under his will, entitled to receive for her use and support all of the estate of every kind of said decedent which remains after the payment of debts and the costs of administration, for her life; and what remains at her death is to pass under the will of said decedent to the children of William I. Stout. But the court is further of opinion that should said

Kate R. N. Stout marry again, then Alexander F. Robertson, who in that event becomes a trustee of the estate, will reclaim said property or so much thereof as he can, and hold the same subject to the provisions of the will as provided in the event of the widow remarrying."

This clause of the decree unquestionably declares that all of the estate which remains after the payment of debts and costs of administration is to be for the use and support of appellant *for her life.* It is true that after thus adjudging her estate to be one for life, the clause, following the language of the will, contains expressions calculated to confuse the court's meaning, but when the decree is carefully read in connection with the will, and especially when considered in connection with the subsequent proceedings in the cause, it is manifest that the court intended to declare, and did hold, that appellant only had a life estate under the will of her husband. This is shown by the decree of May 15, 1894, which authorizes the executor to borrow from the appellant a sum sufficient to pay off a balance of debt remaining unpaid after all of the estate, other than the house and lot in question, had been exhausted, and to secure the same by a lien in her favor upon the said house and lot. That the appellant understood the view of the court to be that she only had a life estate is shown by her petition filed in the cause December 1, 1894, asking that the cost of a tombstone she had erected over the grave of her husband should also be secured in her favor upon the house and lot together with the amount borrowed from her by the executor. In this petition she says, "the estate has been nearly settled up, and all of the indebtedness of the decedent paid save a balance of something over $150.00, leaving to your petitioner out of the estate of said decedent, under the provisions of his will, *only the life estate* in the house and lot in the city of Staunton, where she at present resides." On the 6th of December, 1894, a decree was entered upon this petition, wherein it is said, "the court being of opinion that it is just and proper that the prayer of the petition of Mrs.

Kate R. N. Stout should be granted . . . it is therefore adjudged, ordered and decreed that Mrs. Kate R. N. Stout have a lien, which is hereby established upon the house and lot . . . for the sum of $272.24, without interest, during her life— the aggregate of the amount advanced to the executor as aforesaid and the cost of said monument, which lien can be enforced in this cause whenever she may be advised so to do." This decree establishing a lien in favor of appellant upon the house and lot, in question, cannot be reconciled with the contention that she had theretofore been adjudged to be the owner of a fee simple in the property. The learned judge who entered that decree can hardly be supposed to have solemnly adjudged that appellant was entitled to a lien in favor of herself upon her own property, and to have provided that she might, whenever advised so to do, sell her own property to satisfy a lien thereon in favor of herself. Establishing this lien upon the house and lot is sufficient, without more, to show clearly that the court understood its previous action in the premises to be an adjudication that appellant was the owner of a life estate only.

This last mentioned decree of December 6, 1894, also declares in express terms that appellant was the owner of *a life estate*, as shown by the following concluding paragraph: "And all matters involved in this cause having been finally disposed of, except the said house and lot in which the widow of decedent has a life estate, and which she is now occupying as a residence, it is ordered that this cause be stricken from the docket, with leave reserved to any party thereto to reinstate the same and seek any proper relief at the foot of this decree.

Upon the whole record, it is clear that the court and the parties treated and dealt, throughout, with this matter upon the theory that the court had, in response to the prayer of the bill for a construction of the will, adjudged that appellant was entitled to a life estate merely in what remained of her husband's estate after payment of his debts and the costs of administration.

It only remains to consider the contention made for appellant, calling in question the finality of the decree of December 6, 1894.

As already seen, that decree in its concluding paragraph employs the following language: "And all matters involved in this cause having been finally disposed of, except the house and lot in which the widow of decedent has a life estate," etc. The record shows that the entire estate had been settled and every purpose for which the bill was filed accomplished. This is expressly declared to be the case by the decree, and the cause is retired from the docket, with leave reserved to any party thereto to reinstate the same and seek any proper relief at the foot of the decree. It is contended that the final clause of the decree, giving leave to any party to reinstate the same, shows that everything had not been done in the cause that the court intended to do, and that for this reason the decree was not final.

This position is not tenable. The record shows that the estate had been completely settled, leaving after payment of debts the house and lot involved in this controversy, subject to the lien established thereon in favor of the appellant. The leave reserved at the foot of the decree to reinstate the cause for proper relief was not intended to give any party thereto the right, at any time, to have the entire case reheard and the adjudications of the court set aside and annulled. The purpose was to enable appellant to exercise the right which had been reserved to her of enforcing in the cause the lien established in her favor upon the house and lot; and possibly to enable the trustee to administer the trust created by the will in the event apppellant married again. If the cause could be reinstated for the purpose of again litigating the questions that had been decided, there would be no end to controversy. As said by Judge Phlegar in *Echols* v. *Brennan,* 99 Va. 150-154, 37 S. E. 786, "no man could ever know that litigation was certainly ended."

In *French* v. *Shoemaker,* 12 Wall. 86, 20 L. Ed. 270, the Supreme Court holds, that leave given to either party to apply

at the foot of a decree for relief, as to any matter not fully determined, was a mere matter of precaution not affecting the finality of the decree.   At page 98, the court says: "Leave, it is true, is given to either party to apply, at the foot of the decree, for such further order as may be necessary to the due execution of the same, or as may be required in relation to any matter not finally determined by it, but it is quite apparent that that reservation was superadded to the decree as a precaution, and not because the court did not regard the whole issue between the parties as determined by the decree."

The decree may be erroneous, but the error does not render it-less final.   The view taken by the court of the rights of appellant under the will of the decedent may be erroneous, but that error cannot now be corrected.   The court has, by its order, put the cause beyond its control.   There are but two ways known to the law by which such a decree could be set aside—by bill of review in the court which rendered it, or appeal to this court.   Neither was resorted to in the time limited by statute, and it is now too late to recall the decree and resume a jurisdiction that has been exhausted.   *Battaile* v. *Maryland Hospital,* 76 Va. 63.

For these reasons the decree appealed from must be affirmed.

*Affirmed.*