# CHARLESTON.

RUBY VENCILL, *Executrix etc. v.* RUBY VENCILL, *Widow etc.*
J. A. PELL *et als.*

(No. 5858)

Submitted May 3, 1927.   Decided May 24, 1927.

1. DECREE—*Decree is Final Which Disposes of Whole Subject, Gives All Relief Contemplated, Provides Reasonable Completeness for Giving Effect to the Sentence, Leaves Nothing to be Done in Cause, Save to Superintend Ministerially Execution of Decree.*

   A decree is final which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause, save to superintend ministerially the execution of the decree. (p. 712).

2. SAME—*Final Decree Upon Merits After Answer Filed Can Not be Reheard, Reviewed or Otherwise Disturbed in Court Below, After End of Term at Which it Was Pronounced, Except for Such Matter as Constitutes Ground for Bill of Review for Error Apparent in Decree, Bill of Review for Newly Discovered Evidence, or an Original Bill to Impeach it for Sufficient Cause, Such as Fraud in Its Procurement.*

   A final decree upon the merits after answer filed can not be reheard, reviewed or otherwise disturbed in the court below, after the end of the term at which it was pronounced, except for such matter as constitutes ground for a bill of review for error apparent in the decree, bill of review for newly discovered evidence, or an original bill to impeach it for sufficient cause, such as fraud in its procurement. (p. 712).

Appeal from Circuit Court, Nicholas County.

Suit by Ruby Vencill, Executrix, etc. against Ruby Vencill, Widow, etc. and others.   Decree of the Circuit Court appealed from will therefore be reversed in so far as it affects the rights of appellant.

*Reversed.*

*G. G. Duff,* for appellee.

*Thomas Coleman,* and *Wolverton & Ayers,* for appellant.

LITZ, JUDGE:

H. G. Vencill died (testate) seized and possessed of a parcel of 250 acres of land in fee, and of an undivided one-half interest in the timber on a tract of 408 acres, situated in Nicholas county. His widow, Ruby Vencill, qualifying as executrix under the will, proceeded to administer the estate. The personal property being insufficient, she instituted a chancery suit for the sale of the real property to pay the debts of the decedent. Pursuant to a decree entered in the cause, May 22, 1922, appointing her special commissioner for the purpose, she sold the timber on the 250 acres of land and the timber belonging to the estate on the 408 acre tract to H. M. Runyon and W. P. Floyd, doing business as Runyon & Floyd, for $32,500.00, partly paid, and partly to be paid in installments evidenced by the notes of the purchasers bearing the endorsement of R. L. Hutchison. By decree of June 4, 1924, the sale was confirmed and the special commissioner directed to execute a deed to the purchasers for the timber, retaining a vendor's lien to secure the unpaid purchase money represented by said notes, which was accordingly done.

Runyon & Floyd, after acquiring the remaining interest in the timber on the 408 acre tract from W. L. Guinn, proceeded to manufacture the timber on both parcels of land, employing the appellant, J. A. Pell, to cut, skid and manufacture into sawed lumber the timber on the 408 acre tract. It was also a part of his contract to stack the manufactured lumber upon an adjoining parcel of land, under the control of Runyon & Floyd.

Part of the purchase money notes having become due and unpaid, Ruby Vencill, as special commissioner, filed a supplemental bill in the suit to enforce the vendor's lien, and also obtained an order of attachment, which was levied upon certain lumber manufactured from each tract of land. Thereupon, P. N. Wiseman was appointed special receiver to continue the business of manufacturing the timber and disposing of the sawed lumber.

Thereafter J. A. Pell filed his petition asserting a claim of $1489.20 for manufacturing lumber under his contract with Runyon & Floyd which he alleged was in his possession when

the special receiver was appointed, and praying that his said claim be decreed a first lien upon said lumber.

A decree was entered October 28, 1925, overruling the exceptions of Ruby Vencill, special commissioner, and others, to the report of the special master, in so far as it sustained the contentions of J. A. Pell; and also decreeing:

> "And it further appearing to the court that there is due J. A. Pell for said W. P. Floyd, H. M. Runyon and R. L. Hutchinson, the sum of $1415.20 for the falling, cutting, skidding and manufacturing into lumber the timber on the 408 acre tract mentioned and described in the bill and proceedings, and that said amount is a first lien on the proceeds from the sale of 76,467 feet of timber from said tract of land coming into the hands of the Receiver, and it further appearing to the court that there is now in the hands of the Receiver the sum of $1553.39, as net proceeds from the sale of lumber so manufactured by said Pell, it is adjudged, ordered and decreed that the said P. N. Wiseman, Receiver, do from the funds so in his hands arising from the sale of said lumber, pay to the said J. A. Pell the said sum of $1415.20, with interest from this date. And it is further adjudged, ordered and decreed that the said J. A. Pell do recover of and from the said W. P. Floyd, H. M. Runyon and R. L. Hutchinson the sum of $1415.20, with interest thereon from this date until paid. * * *

> "The plaintiff, Ruby Vencill, Special Commissioner, and as Executrix of the last will and testament of H. G. Vencill, deceased, expressing a desire to apply to the Supreme Court of Appeals for an appeal and supersedeas as to the judgment decreed to J. A. Pell, same being decreed to be a first lien on the lumber manufactured by J. A. Pell before the appointment of the receiver, on her motion she is hereby given forty days to apply to the Supreme Court of Appeals for said appeal, but such suspension shall not be effective until she shall give bond before the clerk of this court in the sum of $500.00 conditioned according to law, to be approved by the clerk of this court."

At a subsequent term, February 28, 1926, the decree complained of was entered (without motion or other proceeding), vacating the decree of October 28, 1926, in so far as the

claim of J. A. Pell was therein adjudged to be superior to the claims of W. L. Guinn and Ruby Vencill, as executrix of the estate of H. G. Vencill, deceased; and directing the special receiver to pay her and Guinn equally the proceeds derived from the sale of the lumber manufactured from the 408 acre tract.

The appellant, Pell, asserts that the decree of October 28, 1925, fully adjudicating the rights of the parties, was final and the court was wholly without jurisdiction to vacate or annul it at a subsequent term, as was attempted in the decree of February 18, 1926.

"The general doctrine is that any decree or order is final which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause, save to superintend ministerially the execution of the decree." 4 Minor's Institutes, Pt. 1, 3d ed., p. 1066; Black on Judgments, Vol. 1, 2nd ed., secs. 21, 41; 8 Enc. Dig. Va. and W. Va. Rpts., p. 183. As the decree of October 28th, 1925, was, in our opinion, such a final decree, the remaining contention of the appellant that the Circuit Court was without authority to vacate or annul it at a subsequent term is sustained by *Snyder v. The Middle States Loan Etc. Co.,* 52 W. Va. 655, 44 S. E. 250, holding that a final decree upon the merits after answer filed can not be reheard, reviewed or otherwise disturbed in the court below, after the end of the term at which it was pronounced, except for such matter as constitutes ground for a bill of review for error apparent in the decree, bill of review for newly discovered evidence, or an original bill to impeach it for sufficient cause, such as fraud in its procurement.

The decree of the Circuit Court appealed from will therefore be reversed in so far as it affects the rights of the appellant, J. A. Pell.

*Reversed.*