IZETTA JEWEL BROWN

*v.*

JESSE T. BROWN, *et al.*

(CC 775)

Submitted January 10, 1951.   Decided March 13, 1951.

580

*William A. Moreland,* for plaintiff.

*Geo. R. Farmer, Thomas W. Lewis,* for defendants.

HAYMOND, JUDGE:

This proceeding was certified to this Court by the Circuit Court of Preston County. The certificate presents the question of the sufficiency of an amended petition filed by Izetta Brown Smith against the defendant, Joseph W. Castle, in a suit in equity, styled Izetta Jewel Brown versus Jesse T. Brown and others, instituted in the Circuit Court of Preston County in 1916, which was formerly on the docket of that court but which was dismissed by decree entered February 29, 1936.

After due notice to the defendant, returnable March 25, 1950, Izetta Brown Smith, on that day filed a petition against Joseph W. Castle, a defendant in the above styled suit, which in substance alleged that certain proceedings had been had and certain decrees had been made and entered in that suit; that by a decree entered March 25, 1919, the defendant, Joseph W. Castle, was required to perform an agreement between him and William G. Brown and to execute a deed for certain real estate in compliance with the agreement and J. V. Gibson was appointed special commissioner and empowered to execute and deliver to Izetta Jewel Brown, a deed for such real estate to the heirs of William G. Brown, or to any one of them entitled to such deed upon partition of the real estate of which William G. Brown died seized in the event the defendant, Joseph W. Castle, failed to make such deed within a designated period of time; that by a subsequent decree, entered April 21, 1919, the petitioner, by the name of Izetta Jewel Brown, Jr., as the heir at law of William G. Brown, was awarded, in the partition of his real estate, all of the Bakerstown coal and one-ninth of the Freeport coal under a tract of land of 134 1/9 acres in Preston County; that the defendant, Joseph W. Castle has not executed the deed, as required by the decree of March 25, 1919; and that J. V. Gibson, special commissioner, has departed this life without having made the deed which he was authorized and directed to make. The petition also alleged that upon motion of counsel in the case, and with the approval of the court, by decree entered February 29, 1936, several causes, including the above styled suit, were retired from the docket of the court upon condition, however, that any of them could be restored to the docket upon proper motion and a showing of good cause; that the petitioner has paid taxes upon the above mentioned property for many years in the belief that a deed had been made as required and directed by the foregoing decrees; that in attempting to lease the Bakerstown coal she discovered that, though her title to such coal has been determined by the circuit court, no deed for it had been made; and

that the failure to execute the deed, by any of the persons required to do so, constitutes a cloud upon her title to the property. The prayer of the petition was that the suit be restored to the docket of the court; that a decree be entered appointing a substitute special commissioner to make a deed to the petitioner in compliance with the decrees of March 25, 1919, and April 21, 1919; and that the petitioner be granted such further relief as may be proper.

To the petition the defendant, Joseph W. Castle, filed a written demurrer by which the sufficiency of the petition was challenged on substantially these grounds; (1) The allegations of the petition do not show good cause for the reinstatement of the case upon the docket and, in that respect, fail to comply with the requirements of the decree of dismissal; and (2) the case not having been reinstated upon the docket within three terms after the entry of the decree of dismissal, its reinstatement after the expiration of that period of time is not within the provisions of or authorized by Section 12, Article 8, Chapter 56 of the Code of West Virginia.

The circuit court, being of the opinion that the first ground of demurrer was well taken but that the second ground of demurrer was not well founded, by decree entered May 17, 1950, overruled the demurrer with leave to the petitioner to file an amended petition within fifteen days.

On May 22, 1950, and within the fifteen day period, the petitioner filed an amended petition which contains substantially the same allegations as those set forth in the petition previously filed by her and additional allegations to the effect that in December, 1949, she entered into negotiations to lease and develop the coal under the tract of 134 1/9 acres of land; that in January, 1950, the proposed leasee reported that her title was defective; that on January 20, 1950, her attorney learned that the deed required by the decree of March 25, 1919, had not been made; that petitioner was born January 17, 1916, and was

an infant at the time of the entry of the decree of dismissal of February 29, 1936; that J. V. Gibson represented the estate of William G. Brown, as its attorney, in the litigation in question; that the petitioner had the right to assume that, as an officer of the court, he had complied with its decrees; that on or about April 25, 1950, agents of the proposed leasee were, at the instance of the defendant, Joseph W. Castle, ordered from the land overlying the coal belonging to the petitioner in which land she has certain mining rights with respect to the coal; and that the defendant in so acting, exercised ownership adverse to the interests of the petitioner in defiance and in contempt of the decrees of the court. The prayer of the amended petition is that the suit be restored to the docket of the court; that a decree be entered appointing a substitute special commissioner to execute and deliver to the petitioner the deed required and directed by the decrees of March 25, 1919, and April 21, 1919; that the defendant, Joseph W. Castle, be enjoined from interfering with the use by the petitioner of the coal and the mining rights previously decreed to belong to her; and that the petitioner be granted all other relief, both general and special, as may be proper or the nature of the case may require.

The written demurrer of the defendant to the amended petition, filed June 13, 1950, challenged its sufficiency on the ground that it did not allege any facts which constituted good cause for reinstatement of the case upon the docket or to set aside the decree of dismissal. By decree entered September 26, 1950, the court overruled the demurrer to the amended petition and on its own motion certified its ruling upon the demurrer to this Court.

No question of the sufficiency of the notice is involved. In the brief filed in behalf of the defendant in this Court, however, the procedure followed by the petitioner in seeking relief by petition instead of by bill of complaint, upon process regularly issued and returnable at rules, is challenged as irregular and as not being authorized by any statute or by any established practice in equity. The petition was not objected to on that ground in the circuit

584

court and no procedural question of that character was raised by demurrer, or passed upon by that court, and no such question is presented by the certificate. Because the regularity of the course pursued by the petitioner in seeking relief by petition upon notice was not presented to or passed upon by the trial court that question can not be considered or decided upon the present certificate. *Weatherford* v. *Arter,* 135 W. Va. 391, 63 S. E. 2d 572; *Weese* v. *Weese,* 134 W. Va. 233, 58 S. E. 2d 801; *Posten* v. *Baltimore and Ohio Railroad Company,* 93 W. Va. 612, 117 S. E. 491; *County Court of Raleigh County* v. *Cottle,* 82 W. Va. 743, 97 S. E. 292; *City of Wheeling* v. *The Chesapeake and Potomac Telephone Company of West Virginia,* 81 W. Va. 438, 94 S. E. 511.

The controlling question for decision is whether the Circuit Court of Preston County has jurisdiction, under the allegations of the amended petition, to reinstate upon its docket the suit dismissed by the decree of February 29, 1936, and to appoint a special commissioner, as successor to J. V. Gibson, who is now deceased, to execute and deliver the deed required and directed by the decrees of March 25, 1919, and April 21, 1919.

The well established general rule in this jurisdiction is that after the entry of a final decree in a suit and the adjournment of the term at which it was entered the court can proceed no further in it by any adjudication affecting the rights or the interests of the parties; that the court has no further jurisdiction of the subject matter or of the parties in the same proceeding, in the absence of a statute conferring continuing jurisdiction; and that any subsequent decree is a nullity unless effected by some established method for review and reversal of the final decree. *Edlis, Inc.,* v. *Miller,* 132 W. Va. 147, 51 S. E. 2d 132. Many decisions of this Court hold that after the expiration of a term in which a final decree adjudicating the matters involved and determining the rights of the parties in a suit was entered, the court which entered such decree is without authority, unless authorized by statute, to modify or vacate its final decree at any sub-

sequent term, except to modify it for clerical errors or to modify or vacate it for such matter as constitutes ground for a bill of review or for an original bill to impeach it for fraud in its procurement or other sufficient cause such as mistake, surprise or accident. See *Vencill v. Vencill*, 103 W. Va. 708, 138 S. E. 731; *Pugh v. Boone*, 111 W. Va. 273, 161 S. E. 227; *State ex rel. Showen v. O'Brien*, 89 W. Va. 634, 109 S. E. 830; *Barbour, Stedman and Herod v. Tompkins*, 58 W. Va. 572, 52 S. E. 707, 3 L. R. A., N. S., 715; *Law v. Law*, 55 W. Va. 4, 46 S. E. 697; *Bank v. Ralphsnyder*, 54 W. Va. 231, 46 S. E. 206; *Snyder v. The Middle States Loan, Building and Construction Company*, 52 W. Va. 655, 44 S. E. 250; *Childers v. Loudin*, 51 W. Va. 559, 42 S. E. 637; *Slingluff v. Gainer*, 49 W. Va. 7, 37 S. E. 771; *Barbour County Court v. O'Neal*, 42 W. Va. 295, 26 S. E. 182; *Morgan v. Ohio River Railroad Company*, 39 W. Va. 17, 19 S. E. 588; *Core v. Strickler*, 24 W. Va. 689; *Ruhl v. Ruhl*, 24 W. Va. 279; *Carper v. Hawkins*, 8 W. Va. 291; *Crim v. Davisson*, 6 W. Va. 465.

The foregoing principle, however, does not apply to or deprive the circuit court of its jurisdiction to entertain the amended petition in this proceeding for the reason that the main relief sought by the petitioner is the appointment of a special commissioner to execute and carry into effect the decrees entered by the court in the suit which has been dismissed from its docket. In substance and effect the petitioner merely asks the circuit court to enforce its own prior decision. It is evident that unless a special commissioner is appointed in the place of the deceased special commissioner and a deed executed to the petitioner as required and directed by the court in its former decrees, those decrees, which finally adjudicated the rights of the petitioner as against the defendant, can not be enforced or made effective. It is also obvious that action by the court of the character indicated, and as sought by the petitioner, would not, in any manner, reopen or amount to a redetermination of any of the issues which have been finally adjudicated in the cause. This, of course, under the above cited authorities, except in the

instances already indicated, can not be permitted or accomplished after a decree settling the rights of the parties has become final upon the adjournment of the term in which such decree was entered; for if a cause which has been finally concluded can be reinstated and the issues involved and settled can in that way be reopened and again litigated and adjudicated, there would be no end to litigation. *Stout* v. *Stout,* 104 Va. 480, 51 S. E. 833; *Echols* v. *Brennan,* 99 Va. 150, 37 S. E. 786.

It is well established that a court of equity has the inherent power to enforce its own decrees and that jurisdiction of the suit in which they have been entered continues for that purpose. In 30 C. J. S., Equity, Section 616, this principle is stated and discussed in this language: "The jurisdiction of a court of equity to enforce its decrees is coextensive with its jurisdiction to determine the rights of the parties, and it has power to enforce its decrees as a necessary incident to its jurisdiction. Except where the decree is self-executing, jurisdiction of the cause continues for this purpose, or leave may be expressly reserved to reinstate the cause for the purpose of enforcing the decree, or to make such further orders as may be necessary, or to apply at the foot of the decree for further orders. A decree may be final as to the main equities of the parties to the suit but it is not final as to proceedings for enforcement, and, although it is so far final as to be appealable, yet the court may make other orders or decrees to carry it into effect. The court's power in the matter of enforcing a decree is circumscribed by the scope of the decree, and new and different liabilities cannot be created under the guise of enforcement; nor will a provision for appeal to the court for further relief to effectuate the decree, warrant material changes therein. The extent to which the court may go in enforcing its decrees is dependent on the circumstances of each case, * * *. A motion supported by affidavits setting forth the facts on which the movant relies is ordinarily sufficient to invoke the action of the court."

In the early Virginia case of Newman v. Chapman, 2

Rand. 93, decided by the Supreme Court of Appeals of Virginia in 1823, the jurisdiction of a court of equity to enforce its decrees was given recognition by the direct statement in the opinion of Judge Green that: "A Court of Equity always has jurisdiction to carry into effect its own decrees." This same principle has been stated and applied in subsequent decisions of this Court. *Trimble* v. *Patton,* 5 W. Va. 432; *Paxton* v. *Rucker,* 15 W. Va. 547; *McGinnis* v. *Caldwell,* 71 W. Va. 375, 76 S. E. 834, 43 L. R. A., N. S., 630.

In *Trimble* v. *Patton,* 5 W. Va. 432, a final decree in a suit for partition awarded certain land to the plaintiff and adjudicated his ownership to it against an adverse claimant who was a party defendant to the suit. Certain tenants of this defendant, who were not parties to the suit, entered into and held possession of the land which had been decreed to the plaintiff. Upon their failure to surrender the possession to the plaintiff, he applied for and obtained a rule against them to show cause why possession of the land should not be given to him. In opposition to the rule the tenants contended that a writ of possession could not be awarded against them because they were not parties to the original suit. In affirming the action of the circuit court in rejecting that contention this Court, in the opinion, said "It is well established that a court of equity always has jurisdiction to carry into effect its own decrees, and is not *functus officio* until the decree is executed by the delivery of possession. *Newman* v. *Chapman,* 2 Rand. 106; and where a person not a party to a suit is in possession of the property, and refuses to give it up, the usual course of the court is to make a rule upon such person, and, unless he show a paramount right in himself, to order the property to be delivered up, and to enforce such order by attachment, if necessary. *Commonwealth* v. *Ragsdale,* 2 H. & M. 8."

In *McGinnis* v. *Caldwell,* 71 W. Va. 375, 76 S. E. 834, 43 L. R. A., N. S., 630, the plaintiff instituted a suit in equity to enjoin the prosecution of a pending action of ejectment against him and to cause the reinstatement of

a former suit in equity which had been dropped from the docket for many years but in which no order of dismissal had been entered. In the original suit in equity no decree confirming the sale to the predecessor in title of the plaintiff to the land involved in the action of ejectment had been entered by the court, but a special commissioner appointed in the suit had made a deed for the property to a purchaser under whom the plaintiff claimed. The circuit court reinstated the former suit in equity, instituted by Murray, a creditor, and decreed that the sale of the land by the special commissioner, but as to which no report or decree of confirmation had been made, and the deed made by the special commissioner, should be ratified and confirmed. In affirming the decree of the circuit court and in upholding the right of the purchaser of the land at the judicial sale to a conveyance of a valid legal title to the property so purchased, this Court, in an opinion prepared by Judge Brannon, said: "This end might be accomplished by a motion for a deed in the old chancery suit of Murray, but there was no report of sale on which to base such a proceeding, and the case had been off the docket for many years and must be reinstated. And it does seem to me that McGinnis has standing in court to reinstate that old case and to repair the loss of the sale report and decree of confirmation, if there was a loss, or if not, then to set up the facts and have equity to decree and effectuate his rights so as to give him by record full legal title. It seems that the adverse parties would have right to be heard. It seems that a court of equity would be the only adequate remedy. An original head of equity jurisdiction is that of repairing rights lost or impaired by accident." In the opinion this language also appears: "A court of equity would be slow to deprive such purchaser of his right after it had vested under its own decree and the rights of the parties as to liability of the land had been ended. The suit remains no longer for prosecution; but only in court for the confirmation of the purchaser's right. Long before this transaction had birth there was, there is yet, a statute found in the Code of 1906, ch. 114, sec. 12, providing that all causes upon the docket of any

court stand continued in the court without order of continuance. This statute was passed to prevent the loss of undetermined cases from lapse or absence from the docket. Then there is another statute, Code of 1906, ch. 127, sec. 8, giving courts power to strike from the docket and discontinue any case wherein for four years there has been no step of procedure but a continuance; but this statute does not operate to discontinue the case without an express order of dismissal. *Buster* v. *Holland*, 27 W. Va. 510. I do not see that the cause of Murray when we look at these statutes, and the nature of the case, would prevent any action of the court in that case, when evoked by a bill to execute its own decree, only to carry into execution its own decree by transferring the title which it had sold."

Here, as in the *McGinnis* case, action by the circuit court in the original suit, in reinstating it upon its docket, in entering a decree appointing a special commissioner, as successor to the now deceased special commissioner, and in authorizing such special commissioner to make the deed as required and directed by the decrees of March 25, 1919, and April 21, 1919, would merely enforce and carry into practical effect the provisions of its own former decrees. Certain it is that such action would not disturb, impair, alter or again adjudicate, in any wise whatsoever, any of the rights of any of the parties which have been finally settled and determined by decrees previously entered in that suit.

In *Edlis, Inc.*, v. *Miller*, 132 W. Va. 147, 51 S. E. 2d 132, this Court held that a court of equity has the inherent power, after the adjournment of the term in which by final decree a permanent preventive injunction was awarded, to modify or vacate the injunction, after due notice, by subsequent proceedings in the same suit, when it clearly appears that, because of a change in the controlling facts or the relations of the parties or the law upon which the injunction was based, the continuance of the injunction would be unjust or inequitable. In that case a consent decree was entered by the court which

granted the plaintiff a permanent injunction which forever enjoined, restrained, and inhibited the defendants from performing certain designated acts. The final decree in which the injunction was awarded adjudicated costs against the defendants and contained no provision by which the cause was retained upon the docket or authority was reserved by the court to modify the injunction or to enter any future orders or decrees. Under the reasoning of the *Edlis* case, and in furtherance of equity and justice, a court of equity, independently of any jurisdiction conferred upon it by statute, has the inherent power to execute and make effective its own orders and decrees; and, notwithstanding the dismissal of the original suit by the order of February 29, 1936, and regardless of the sufficiency of the provision of that decree with respect to the reinstatement of the case upon the docket, the Circuit Court of Preston County, which entered the decrees in question, and by them required its special commissioner to perform an expressly mentioned act and duty, has the power to reinstate the case upon its docket and to enter in that case any decree which may be requisite to give force and effect to any of its former decrees but which does not again adjudicate or determine any matter settled or concluded by any final decree.

The defendant takes the position that Section 12, Article 8, Chapter 56, Code, 1931, has no application to suits which have been concluded by final decree, but that if the section is applicable to the reinstatement sought by the petitioner, the allegations of the petition are not sufficient to meet or satisfy the requirements of the section. That section of the statute is expressed in these words: "Any court may, on motion, reinstate on the trial docket of the court any case dismissed, and set aside any nonsuit that may be entered by reason of the nonappearance of the plaintiff, within three terms after the order of dismissal shall have been made, or order of nonsuit entered; but any such order of reinstatement shall not be entered until the accrued costs in such case shall have

been paid." The section just quoted, and Section 13 of Article 8, Chapter 56, Code 1931, are substantially the same as Sections 11 and 12, Chapter 127 of Hogg's Annotated Code of 1913 which were considered and construed by this Court in *Fulton* v. *Ramsey,* 76 W. Va. 45, 84 S. E. 1065. In that case this Court held that Sections 11 and 12, Chapter 127, Code of 1913, did not confer jurisdiction upon a court to set aside final judgments or decrees after the adjournment of the term at which they were entered and that those sections were limited to dismissals or nonsuits entered before final decree and to judgments and decrees of that character. Point 1 of the syllabus in the *Fulton* case is in this language: "Sections 11 and 12, serial sections 4842 and 4843, chapter 127, Code 1913, properly construed, do not give jurisdiction to set aside final judgments or decrees after the end of the term, they are limited to dismissals or non-suits before final decree, and to judgments and orders of that character." See also *Waldron* v. *Harvey,* 54 W. Va. 608, 46 S. E. 603, 102 Am. St. Rep. 959; *Glascock* v. *Brandon,* 35 W. Va. 84, 12 S. E. 1102.

The construction placed upon Sections 11 and 12 of Chapter 127 of the earlier Code, by this Court in the cases last cited, which sections with minor amendments are now Sections 12 and 13, Article 8, Chapter 56, Code, 1931, renders the provisions of Section 12 inapplicable to the reinstatement of the original suit by the circuit court upon its trial docket. The case of *Moore* v. *Pyles,* 121 W. Va. 537, 5 S. E. 2d 445, cited by the defendant, is distinguishable from the case at bar. In the *Moore* case, in which it was held that Section 12, Article 8, Chapter 56, Code, 1931, applied to and, if not complied with, precluded the reinstatement of a suit which had been discontinued for nonpayment of costs under Section 9, Article 8, Chapter 56, Code, 1931, the decree of discontinuance was entered after the entry of a decree of sale of real estate, but before the suit had been fully heard and concluded. Unlike the *Moore case,* the suit which the petitioner now seeks to have reinstated upon the docket was fully heard

and determined, and all questions involved in it were finally adjudicated and concluded, before the entry of the decree of dismissal of February 29, 1936.

In the exercise by a court of equity of its inherent power to enforce its own decrees, by setting aside a decree of dismissal, reinstating the suit upon its docket, and entering such decree as may be necessary to give practical effect to its former decrees, a showing of good cause for such action is necessary. This requirement of good cause, in such circumstances, does not eventuate from any statute, but exists independently of statute and as an incident of sound practice and procedure. The allegations of the amended petition which, in so far as they deal with material facts which are well pleaded, are regarded as true upon demurrer, and the material facts, set forth in the amended petition, show clearly that because of the failure or the refusal of the defendant, Joseph W. Castle, to make the deed required of him by decrees previously entered in the original suit, and because of the death of the special commissioner without making the deed which he was authorized and directed to make, the petitioner, has been deprived of the legal title to the real estate previously decreed to her. In the present situation she can not sell or otherwise dispose of property to which she is clearly entitled. It is obvious from the allegations of the amended petition, that so long as the defendant refuses to comply with the decrees of the court she can not obtain the deed to which she is entitled by any effective means other than action by the circuit court in setting aside the decree of dismissal, in reinstating the cause upon the docket, and in entering a decree appointing a successor special commissioner and authorizing and directing him to comply with the provisions of final decrees previously entered in the suit. Though the allegations of the amended petition show delay by the petitioner in applying for relief, the delay in that respect has not resulted in any prejudice to the defendant, Joseph W. Castle, and does not constitute laches upon her part. The amended petition sets forth facts which constitute good

cause for the relief for which the petitioner prays and is sufficient in that respect. Good cause exists to set aside a decree of dismissal entered after a final decree in a suit which has been fully heard and determined on its merits, and to reinstate such suit, when it appears that a special commissioner appointed for the purpose of making a deed required and directed by decrees previously entered has died without making such deed, and that the party entitled to such deed can obtain it only by the reinstatement of such suit and the appointment by the court of a successor special commissioner with power and authority to carry out the provisions of its former decrees.

The defendant also insists that the final decree of March 25, 1919, is a judgment for land; that it can only be enforced by execution as provided in Articles 3 and 4, Chapter 38, Code, 1931, or as provided by the common law; and that the remedy by execution is now barred by lapse of time. The answer to these contentions is that the petitioner does not seek the remedy referred to by the defendant but that, in this proceeding, she seeks, not the actual possession of the coal decreed to her, but a deed which will vest her with legal title to her property. The question whether the petitioner has an adequate remedy for relief of a different character from that she now seeks is not involved, and can not be considered or determined, in this proceeding.

For the reasons stated the ruling of the Circuit Court upon the demurrer to the amended petition is affirmed.

*Ruling affirmed.*