# CHARLESTON.

WRIGHT *et al.* v. PITTMAN *et al.*

Submitted June 13, 1912.   Decided October 28, 1913.

1. PARTITION—*Issues—Right to Determine Title.*
    In a partition suit the court may determine title between conflicting claimants of an undivided interest in the land.   (p. 84).

2. APPEAL AND ERROR—*Decisions Appealable—Partition.*
    A decree rendered in a partition suit, establishing a lost deed and settling a question of disputed title is appealable.   (p. 84).

3. SAME—*Time for Taking Appeal—Partition.*

   Such decree can not be reviewed by this court on an appeal from a final decree, taken more than a year after the former was rendered. (p. 84).

4. PARTITION—*Parties—Decree Settling Title.*

   The owner of an oil and gas lease, holding under conflicting claimants of the land, and not colluding with either, has the right of appeal from a decree settling the title, when the matters involved in the appeal relate to the jurisdiction of the court.   (p. 87.)

5. SAME—*Answer—Effect.*

   An answer filed after the term of court has ended at which an appealable decree was rendered can not raise an issue upon the questions determined by such decree.   (p. 85).

6. PLEADING—*Replication—Partition.*

   A replication is unnecessary if the answer admits the allegations of the bill.   (p. 86).

7. APPEAL AND ERROR—*Harmless Error—Bill in Partition.*

   This court will not reverse a decree determining title and partitioning land for an error in taking the bill for confessed as to a non-resident defendant who was personally served with process out of the state, when no substantial injustice is done to such non-resident.   (p. 84).

8. SAME—*Harmless Error—Appointment of Receiver—Notice.*

   In a case proper for a receiver, this court will not reverse a decree appointing him, after he has performed his duties, for failure to give the notice required by statute.   (p. 86).

Appeal from Circuit Court, Wetzel County.

Suit in partition by Albert Wright and others against Timothy Pittman and others.   From the decree the Hope Natural Gas Company appeals.

*Modified and Affirmed.*

*A. B. Fleming, Charles Powell,* and *Kemble White,* for appellants.

*Thomas P. Jacobs* and *Thayer M. McIntire,* for appellees.

WILLIAMS, JUDGE:

Claiming that their ancestor Charles P. Garrett, deceased, acquired, in his lifetime, by deed from Timothy Pittman, Jacob Pittman and Isaac Pittman three undivided tenths of

214 acres of land of which their father Elias Pittman died seized, which deed, it is alleged, was duly made and delivered, but was never recorded and is now lost, the heirs of said Charles P. Garrett have brought this suit for a partition of 36-1/3 acres of land, it being that part of the 214 acres which was assigned to Rebecca Pittman, widow of Elias Pittman, deceased, as her dower; to have the lost deed restored, as a muniment of their title; and for an accounting of plaintiffs' alleged share of the gas rental and royalty oil.

There are a producing oil well and a producing gas well on the land, the former being owned by Hervey and McNaught, and the latter by the Hope Natural Gas Company. Their respective rights therein are admitted in the bill. The Hope Natural Gas Company, claiming to be the owner of the gas well under separate leases from the adverse claimants of the aforesaid three undivided tenths of land, has refused to account to plaintiffs for the annual rentals therefor, and the Eureka Pipe Line Company has likewise refused to turn over to them the three-tenths of the royalty oil in its pipe lines, until the title to said three-tenths of land is settled between the Garrett heirs and the three aforenamed Pittmans. Therefore, the above named companies were made parties, and the bill prays for an accounting against them. On the 2nd June, 1910, the chancellor heard the cause upon bill taken for confessed as to all the adult defendants, and determined the question of title to the said three-tenths of the land in favor of plaintiffs, and restored the lost deed by giving his decree the effect of a deed and directing its recordation in the county court clerk's office. By decrees made at subsequent terms of court partition was made of the land, except the oil and gas, by a sale thereof and the ascertainment of each co-owner's share in the proceeds, it having been found that partition in kind could not be made without detriment to the interest of all parties concerned. Division was also accordingly made of the accumulated royalty oil and gas rentals, and provision made for the payment of future rentals and the delivery of royalty oils to the parties according to their several interests, which the decree determined.

The Hope Natural Gas Company was granted this appeal to

all those decrees, about seven in number. It does not deny its liability to account to plaintiffs, if they are the true owners of the three-tenths of the land. But it insists that the chancellor did not acquire jurisdiction to pronounce the decrees complained of, for want of sufficient allegations in the bill, and for lack of jurisdiction over the persons of Timothy Pittman and Milly C., his wife, who were personally served with process in the state of Ohio, where they then resided. Jurisdiction is necessary to give validity to judicial proceedings; and, if there was lack of jurisdiction to pronounce the decrees complained of, they are void, and appellant, having such interest as entitles it to have the disputed title to the land settled, before it could properly be compelled to pay rental to either of the adverse claimants, has a right to appeal therefrom for its own protection. Its right of appeal is analogous to what it would have been, if it had filed a bill of interpleader, calling upon the adverse claimants of the land to litigate their respective claims.

The Eureka Pipe Line Company and the Hope Natural Gas Company are the only parties that appeared to the bill. They appeared on the 4th of May, 1910, at a regular term, and demurred to the bill, assigning nothing in support thereof. Plaintiffs joined in the demurrer and the issue of law thereon was heard on the 1st of June, 1910, and the demurrer overruled. Demurrants were given until the next day to answer; and, failing to answer, the cause was heard on the 2nd of June, 1910, upon bill taken for confessed as to all of the adult defendants, and upon the answers of the guardian ad litem of the infant defendants, and a decree entered, finding that the three aforesaid Pittmans had conveyed their undivided three-tenths interest in all of the land of which their father had died seized, by deed made and delivered to Charles P. Garrett, plaintiffs' ancestor, in 1877, and further finding that said deed was lost and was never recorded. The decree also restored said lost deed in the manner above stated, and cancelled two deeds, one executed by Isaac W. Pittman and wife to J. A. Pittman, and another by said J. A. Pittman and wife to Sarah A. Pittman the wife of Isaac W. Pittman, for the undivided one-tenth interest in said 36-1/3 acres of land. Appellant insists that it

was error to take the bill for confessed as to Timothy Pittman
and his wife, who were residents of the state of Ohio and had
been personally served with process in that state.    True it
was error, but the decree adjudicating title to the land and
restoring the lost deed is appealable, and no appeal was taken
therefrom for more than a year.   The appeal as to it will have
to be dismissed as having been improvidently awarded.    The
time of appeal is now limited to one year instead of two as
formerly.   Acts 1909, Ch. 40.   Moreover, the error does not
relate to jurisdiction.   The location of the land and the sub-
ject matter of the suit gave the court jurisdiction to pro-
nounce the decree.   The non-residency of Timothy Pittman
and wife could not defeat jurisdiction.   So far as it relates
to restoring the lost deed, the suit was in its nature *in rem,*
and the location of the land gave the circuit court of Wetzel
county jurisdiction to pass on questions affecting the title.
*Tennant's Heirs* v. *Fretts,* 67 W. Va. 579.   Error in taking a
bill for confessed as to a non-resident personally served out of
the state, instead of hearing the cause, as to such non-resident,
upon order of publication completed, is not jurisdictional
error.   The suit was primarily for partition, and the court had
the right to settle the question of title to the land and rights
to the royalty oil and gas well rentals, as incident thereto.
Sec. 1, Ch. 79, Code 1906; *Davis* v. *Settle,* 43 W. Va. 17;
*Irvin* v. *Stover,* 67 W. Va. 356.   Moreover, the decree is a de-
fault decree, and no application was made to the court below
to have it corrected.   This is an additional reason why the
appeal, as to the decree of June 2, 1910, will have to be dis-
missed.   Sec. 5, Ch. 134, Code.   All the matters, respecting
which relief was given, were well pleaded, and there was no
lack of jurisdiction in the court to pronounce any of the
decrees complained of.

At a special term of the court held on the 5th of July, 1910,
the Hope Natural Gas Company and the Eureka Pipe Line
Company were permitted to file their answers and demurrers
to the bill.   Those answers came too late to raise an issue con-
cerning any of the matters determined by the decree of June
2nd.   The term of court at which that decree had been
entered, had adjourned, and the appealable matter thereby

determined was no longer controvertible. Such matter was no longer in the breast of the court.

It is insisted that it was error to appoint a special receiver. to take charge of the royalty oil and gas rentals, without notice to the parties, as required by section 28, chapter 133 of the Code. Granting that it was error, this court will not now reverse for such error alone. It only relates to procedure; and, seeing that the case is one in which it was proper to appoint a receiver, and that he has performed his duties in the manner required by the decree appointing him, such decree will not be reversed for failure to give notice of application for a receiver. The Hope Natural Gas Company was required to turn over to the special receiver the gas rentals in its hands, less the one-fifth thereof which the decree found to belong to it; and the Eureka Pipe Line Company to turn over to him all the royalty oil in its possession belonging to the owners of the royalty interests, the amount of which was ascertained to be three hundred and twenty-six barrels. This the special receiver was directed by the decree to sell. The Hope Natural Gas Company appears to be the owner of one-fifth of the royalty oil, as well as one-fifth of the gas rentals, and it is insisted that the decree of distribution, made on the 26th day of May, 1911, is erroneous, in that it fails to direct the special receiver to pay over to it its share of the proceeds of royalty oil. The proceeds thereof amounted to $423.78, at that time, and was properly taxed with its proportion of the costs of suit. It therefore appears that appellant's pecuniary interest, being the one-fifth, is less than one hundred dollars. Moreover, it appears to be an error of record, which could have been corrected by the court below. Because plaintiffs' bill admits that appellant is a one-fifth joint owner in the royalty oil, as well as a like owner in the gas rentals. The decree also recognizes its interest in the royalty oil, but does not expressly direct the receiver to pay it over to it. This is not an error calling for reversal, but is one which can be corrected here.

It is insisted that it was error to hear the cause without replication to appellant's answer, no proof having been taken. No replication was necessary. The only averments in the bill,

concerning which it could be said the answer raised an issue, were in relation to those matters that had been determined by the appealable decree, rendered June 2, 1910, upon bill taken for confessed. The answer came too late to make an issue as to them; and it did not controvert, but expressly admitted, all other material allegations in the bill. The failure to reply is an admission of the truth of the answer. But the answer in this case did not deny, but admitted, the truth of the only allegations of the bill which defendant could, at that time, have denied; and a replication was, therefore, wholly unnecessary.

It is said that W. E. Lemasters, who is interested in the oil and gas royalties, was not made a party to the suit. But we find that he is a party plaintiff, by the name of E. M. Lemasters. His correct name, W. E. Lemasters, appears in the bill, and in the decree distributing gas rentals and proceeds of royalty oil, in which he is given a life interest in the one-sixth.

Cross-assigning error in brief, Timothy Pittman and Milly C. Pittman his wife, insist that it was error to take the bill for confessed as to them, they being non-residents and personally served with summons in a foreign state. This was error, but not an error affecting jurisdiction. The court had jurisdiction to enter the decree which it did enter, upon order of publication executed; and personal service out of the state is made the equivalent thereof. Moreover, application should have been first made to the court below to have the error corrected. Sec. 5, Ch. 134, Code.

The decree of May 26, 1911, making distribution of the proceeds of oil and gas rentals, will be corrected directing the special receiver to pay to the Hope Natural Gas Company its one-fifth of the proceeds of sale of royalty oil, after deducting from said one-fifth, its proportion of the costs provided for in the decree; and, as so corrected and modified, it and all other decrees appealed from will be affirmed, with costs to appellees.

*Modified and Affirmed.*