UNION BANK & TRUST COMPANY v. DORSEY BRAND *et al.*

(No. 6840)

Submitted January 20, 1931.    Decided January 27, 1931.

*·Donald G. Lazelle,* for appellant.
*Glenn Hunter,* for appellee.

HATCHER, JUDGE:

· .This is a general creditors' suit, and the appeal involves the right of a creditor .to file an answer seeking subrogation.

. The chronology of· the events in connection herewith follows: The plaintiff obtained and recorded a judgment against defendant, Dorsey Brand, for $2,046.00 in May, 1928. In ·June, 1928, Brand acquired a deed to a lot in Morgantown, ,upon which·he executed a trust deed in August, 1928, in favor of the appellant, Monongalia Savings & Loan Society, to ,secure a loan of $2,990.00. The plaintiff's bill was filed at ,June Rules, 1929. It made the appellant one of the de-,fendants. The cause was referred to a commissioner in De-.cember, 1929. Appellant proved its claim (under the trust 'deed· of .August, 1928) before the commissioner. He com-'pleted his report on February 21, 1930, and returned the re-.port to court on March 3,. 1930. The report set out the liens against. Brand and their priorities, giving the plaintiff's lien priority over that of appellant. The report was confirmed by an order of April 9, 1930, which stated there were no excep-tions to the report and which directed a sale of Brand's property. The sale was made on May 17, 1930, when certain

property was bid in by the plaintiff to protect its lien. On June 2, 1930, the appellant was permitted to file an answer and exceptions to the commissioner's report. The answer alleged that there was a ded of trust (date not given) on the Brand lot in favor of Monongalia Building & Loan Association which antedated the lien of the plaintiff; that appellant paid to the Association out of the loan made to Brand in August, 1928, $2,828.06 which was the amount then due the Association on its deed of trust; and that in examining the records, through some oversight or inadvertence, the lien in favor of the plaintiff was overlooked by appellant. The answer prayed that appellant might be subrogated to the priority of the Association under its trust deed. The answer presented no explanation for the delay in tendering it. The exceptions made the same allegations of fact as the answer, alleged as a matter of law that the lien of appellant was entitled to priority over that of the plaintiffs and excepted to the report of the Commissioner for failing to give appellant such priority.

On June 18, 1930, the appellant's exceptions were overruled, its answer was stricken from the record and the sale of Brand's property theretofore made on May 17, 1930, was confirmed.

There was no evidence whatsoever before the commissioner upon which to base the exceptions. The ground therefor (the right of subrogation) is brought into the cause only by the answer and its exhibit. So there is no use to consider the exceptions unless the right to file the answer is established. The decree entered on April 9th adjudicated all matters theretofore raised by the pleadings or otherwise. The only acts remaining to be done were the sale of Brand's property and the distribution of the proceeds, both of which were executory. The decree was therefore final. *Hill* v. *Cronin,* 56 W. Va. 174, 179 to 182, inc.; *Brown* v. *Gas Co.,* 95 W. Va. 658, 664. The record does not disclose whether a regular or a special term was held on April 9th. Counsel say that it was a special term. We take judicial notice that the regular term of the circuit court of Monongalia County commenced on April 10, 1930. Whatever the term held on April 9th, it, of

necessity, terminated with the closing of that day in order to make way for the regular term. There is no charge of surprise and no complaint in the answer because the decree was entered at a special term. The question here is the simple one of whether an answer can be filed as a matter of right at a term subsequent to the one at which a final decree has been entered.

From 1748 to 1826 in Virginia, the defendant was required to file his answer within three months after the bill was filed. Upon failure to do so, the plaintiff could have an attachment issued returnable to the next term of the court. If no answer was then filed, the bill was taken for confessed "and the matter thereof decreed." See 5 Hening, 485. Revised Code of Virginia 1819, page 214 and note. In 1826 the General Assembly of Virginia enacted the following provisions: "The defendant may, at any time before a final decree, be allowed to file his answer, or plead or demur; but the cause shall not be sent to the rules, or continued therefor, unless upon good cause shewn." Acts 1826, chapter 15. We inherited this provision from Virginia. See Code 1923, chapter 125, section 53. The express preservation of the right to answer until the entry of a final decree would seem to indicate the termination of the right upon such entry. *Expressio unius est exclusio alterius.* The statute has been uniformly so regarded by the courts of this state. *Crim* v. *Davisson,* 6 W. Va. 465; *Wright* v. *Pittman,* 73 W. Va. 81. Nothing whatsoever is offered to take this case out of the established practice.

The decree of the circuit court is therefore affirmed.

*Affirmed.*