# WHEELING.

## PETHTEL v. McCULLOUGH et al.

### Decided June 13, 1901.

1. SUIT—*Order Dismissing Bar.*

    An order dismissing a case agreed is a bar to another suit on the same cause of action. (p. 521).

2. FRAUDULENT CONVEYANCE—*Petition—Creditor.*

    A suit by one creditor to enforce a debt against land of his debtor fraudulently conveyed; another creditor files a petition in the cause setting up another distinct debt against the debtor and to subject the same land; the second creditor is not a party to the first suit, nor are his rights mentioned therein. An order under the title of the first suit dismissing the case agreed on the motion of the plaintiff does not dismiss the petition of the other creditors or bar its further prosecution. (p. 522).

3. LACHES—*Does Not Bar Suit.*

    Laches in prosecuting a suit not operating to bar it. (p. 524).

4. DISMISSAL OF SUIT—*Carries Petition.*

    Petition. When dismissal of main suit carries with it a petition. (p. 524).

5. ORIGINAL SUIT—*Dismissal—Cross Bill.*

    Cross bill. When dismissal of original bill carries with it a cross bill. (p. 524).

6. PLEADING—*Name Not Material.*

    A pleading bearing one name will often be treated and acted upon as one under another name, and operate to perform its functions, in the courts of equity if such pleading contains proper matter to answer such purpose. (p. 525).

Appeal from Circuit Court, Pleasants County.

Suit by Isaac Pethtel against James W. Williamson, one McCullough, and others. Decree for plaintiff, and defendants Williamson and wife appeal.

*Affirmed.*

HALL & HALL, for appellants.

JOHN F. BARRON, for appellee.

BRANNON, PRESIDENT:

Isaac Pethtel brought a chancery suit in the circuit court of

Pleasants County against James W. Williamson and others to enforce a judgment in his favor against Williamson against land which Williamson had conveyed to Brooks and Brooks had conveyed to Williamson's wife, and to set aside as fraudulent the conveyances of Williamson to Brooks and of Brooks to Williamson's wife. C. P. Smith appeared and filed a petition in the case setting up a debt on which he had recovered a judgment against Williamson, and seeking to set aside the same conveyances as fraudulent, and to subject the same land to Smith's debt. The petition was allowed to be filed, and Smith was ordered to be made a party defendant in the cause. Smith was not a party to Pethtel's cause, nor was he or his debt or rights mentioned in that cause. Afterwards this order was made in the cause: "Isaac Pethtel vs. J. W. Williamson and others. The matters in difference in the above styled suit having been settled, on motion of the plaintiff this cause is dismissed agreed." Afterwards a special judge was elected to hear the case, Williamson objecting to his election and claiming that there was no pending case for any further action. No other party appeared. Williamson moved to dismiss the cause, but the court refused to dismiss. He demurred to the petition, and his demurrer was overruled. He made no further appearance. The court made an order dismissing the case as to Pethtel on the ground that his rights had been adjudicated by the said order of dismissal, but refusing to dismiss the petition of Smith, and directing the case thereafter to proceed in Smith's name as plaintiff upon the matters set up in his petition, and after notice to the parties that the suit would go on upon Smith's petition, and the parties not appearing thereafter, upon the petition taken for confessed a decree was entered for Smith's debt, holding said conveyances void as to it and subjecting the land to its payment. Williamson and wife appeal.

A question might be made as to Mrs. Williamson's right to appeal; but we shall decide the case on the merits.

What is the effect of an order of "Dismissed agreed?" It is a bar to another suit upon the same cause on the principle of a compromise decree on the merits in equity, or a *retraxit* at common law, either of which is a bar to another suit. *Hoover* v. *Mitchell,* 25 Grat. 387, holds it *prima facie* final at least; but *Wohlford* v. *Compton,* 79 Va. 333, holds it final as to all matters

which were actually, or might have been litigated in the suit. In *Siron* v. *Ruleman,* 32 Grat. 223, it is so declared. In *Jarboe* v. *Smith,* 10 B. Mon. 257, 52 Am. Dec. 541, it is held a bar "between all parties on the original cause of action, unless there is an express stipulation that another suit may be brought." Such is the great weight of authority. 1 Freeman, Judgm. s. 262; 1 Herm. Estop. 296; 1 Van Fleet, Former Adjud. s. 33. One decision of the United States Supreme Court denies this position. *Haldeman* v. *U. S.,* 91 U. S. 584. But *U. S.* v. *Parker,* 120 U. S. 89, holds the doctrine stated. So 2 Black, Judgm. s. 706 says, that is settled law. The point is not decided in *Stockton* v. *Copeland,* 30 W. Va. 674. The words "dismissed agreed" are very strong. Though the order is abreviated, so far as it goes it imports compromise and adjustment and a decree ending the case on that ground. A compromise decree is final. *Lockwood* v. *Holliday,* 16 W. Va. 651; *U. S.* v. *Parker, supra.* A dismissal agreed is equivalent to a *retraxit* at common law, which is an "open voluntary renunciation of his claim in court, and by this he forever loses his action." 3 Bl. Comm. 296. In the words of the court in *Hooer* v. *Mitchell,* cited, this short expression is "a declaration of record sanctioned by the judgment of the court, that the cause of action has been adjusted by the parties themselves in their own way, and that the suit is dismissed agreed." But in this case the order is longer, clearer, and expressly certifies an adjustment by the parties.

While such a dismissal bars the demand set up in the bill of Pethtel, does it also bar relief to Smith upon the judgment set up in his petition? That petition sets up the pendency of Pethtel's suit and its purposes, and asks that Smith be made a party thereto, and that relief be given him in it, and by order of the court in the cause the petition was allowed to be filed in it, and Smith was made a party defendant to the cause, and his petition was sent to rules to issue process on it and mature it for hearing, which was done. Afterwards this dismissal was entered under the name and title of *"Isaac Pethtel* v. *J. W. Williamson* and others." It is contended that this dismissal carried the Smith petition out of court as well as Pethtel's bill, and further that it bars, not only Pethtel's cause of suit, but also that of Smith. It neither carried the petition out of court, nor does it bar Smith's cause of suit. As to whether it extinguished Smith's petition, we

must not let the facts that it was filed in Pethtel's suit, and that Smith became a party to that suit, carry us too far; we must look at substance. It has been a practice in the Virginias to use petitions for purposes and to an extent which will not be found to be sanctioned by books on general equity practice. Viewed as petitions strictly they cannot perform the office of bills. Petitions are properly used only to get orders in the case on grounds presented in and arising out of its pleadings, not to bring in new causes of suit. 16 Ency. Pl. & Prac. 501. I doubt whether an order of court making a stranger a party to a bill not naming him or his right makes him a party to that bill or in the cause. I think it does not. The bill must be amended to do so. *Shinn* v. *Board,* 39 W. Va. 497. But when, as in this case, one creditor files a bill to enforce a lien on land, another lienor comes into the case because he has a lien on the same land, and does so by a pleading which he calls a petition, we need not limit that pleading technically to the function of a petition, but treat it as a bill. This practice of filing petitions was once more frequent in this State than now under the statute providing that one lienor may sue for all, and that whether he does so or not, others may come in and enjoy the benefit of the suit for their relief by presenting their claim before the commissioner taking an account of liens. Barton, Chancery Prac. 363. And I think a petition could be presented in the suit presenting a lien. In such case the petition should have form and parties as a bill. It would be a bill. It could not be decreed upon unless it has parties. But without that trouble the lien may be presented before a commissioner; for where the bill is filed by one lienor for all, or whether so filed or not, there is a reference to convene liens, section 7 of chapter 139 of the Code, makes the proceeding one for the benefit of all lienors. If in such a case the dismissal of the main suit would carry with it the petition, such result would not follow in this case, because this is not that character of suit, but a suit to set aside a fraudulent conveyance, in which our cases hold that other lienors need not and ought not to be parties. Hogg's Equity 598 fully discusses the subject. Though Smith's pleading is called a petition it is essentially an original bill, and constitutes a separate suit. We must judge it by its nature, no matter what its author calls it, and no matter that it is filed in another suit. We must give it legal effect according to its matter. *Riggs* v. *Armstrong,* 23 W. Va. 760; *Skaggs* v. *Mann,* 46 *Id.*

209; *Clevenger* v. *Felton, Id.* 249; *Martin* v. *Smith,* 25 *Id.* 579, 583; *Livey* v. *Winton,* 30 *Id.* 562; *Sturm* v. *Fleming,* 22 *Id.* 404. In these cases we find petitions treated as original bills, cross bills treated as original bills, and petitions as bills of review. We do not dispense with good pleading and formality, and regularity of proceeding evincing the fine lawyer. By no means are we to be so understood; but when a court is called upon either to disregard a pleading as inefficacious for relief, or to give it efficacy for relief, then we must not look at formality or mere name, but at the substance. Does the pleading have the elements or matter of a pleading for which it is claimed to answer? Now, in character this petition is an original bill, informal as to parties, but that does not dismiss it. It sets up a judgment in favor of Smith against Williamson and seeks to enforce it against a tract of land, and to remove fraudulent deeds out of the way. It has nothing to do with the prosecution or defense of Pethtel's suit, aids nothing in its prosecution or defense. The one might fail, the other succeed. If Pethtel had failed to get relief, could not Smith get it on his petition? It contained all necessary allegations. It had not one iota in common with Pethtel's bill, except that the two separate debts bound the same land. The petition possessing all the elements of an original bill, depending in no wise upon the success of Pethtel's bill, we cannot say that the dismissal of Pethtel's bill carried down the Smith petition. Take the case of a cross bill. The general rule is that when filed purely in defense of the original bill, the dismissal of the original dismisses the cross bill; but when in addition the cross bill contains new matter on which it seeks affirmative relief, such dismissal does not dismiss the cross bill, because as to this new matter it has the elements of an original bill, and the cross bill still stands for action. 5 Ency. Pl. & Prac. 662; *W. Va. O. & O. L. Co.* v. *Vinal,* 14 W. Va. 637, 698; *Ragland* v. *Broadnax,* 29 Grat. 401; Story Eq. Pl. s. 399, note (10 Ed). If this is so as to a cross bill, more so as to this petition, because a cross bill is filed in a pending suit, containing matter in defense of it, and it may be also new matter for affirmative relief; whereas, this petition has no matter of defense of the other suit, but is purely an independent proceeding by a stranger to that suit for independent relief on its own new facts. Pleadings and matters purely of defense go with dismissal; but where they

seek relief on an independent cause, they do not.  6 Ency. Pl. & Prac. 984.

The question whether that dismissal is a bar to Smith as *res judicata* has been virtually answered.  If it did not dismiss Smith's petition because it was an original bill stating a separate cause of action, it is difficult to say that it is a bar to that distinct, different cause of suit stated by Smith.  The order says that the matters in difference in "the above styled suit having been settled, on motion of the plaintiff this cause is dismissed." The fact that it was dismissed on Pethtel's motion indicates that it was only matters in controversy between him and Williamsons that had been settled.  And it says matters "in the above styled suit;" that is, the Pethtel suit.  Smith's matter was not in Pethtel's suit.  If no other consideration would forbid denial of relief to Smith because of this dismissal, the general rule that it is of the essence of *res judicata* as a bar that it shall be on the very matter, and that this must be certain, and when doubtful upon which of several issues the decree went, it is no bar, would justify relief to Smith. Bigelow, Estop. 61; 1 Bart. Ch. Pr. 401. "If upon the face of the record anything is left to conjecture as to what was decided, there is no estoppel in it when pleaded, and nothing conclusive in it when offered in evidence." *Russell* v. *Place,* 94 U. S. 606.  That matter must have been necessarily decided.  *McCoy* v. *McCoy,* 29 W. Va. 794.  By way of application of these authorities I will say, that we must hold that the adjustment applied to Pethtel's cause and his suit, and we cannot declare that it applied to Smith.  Was that necessarily included in the order?  Was it necessarily passed on?  Could not that order apply alone to Pethtel's suit, in the name of which alone it was entered?

As to the demurrer to the petition.  All it lacks is a caption naming formal parties, or a prayer for process against named parties, one or the other of which it should have under good pleading.  *Martin* v. *Kester,* 46 W. Va. 438.  But the petition names the persons interested, and states their interest in the matter of the petition, sets up the case fully, prays for relief.  All parties interested in it were served with process to answer it.

As to *laches* in prosecuting the suit for seven years and three months.  All the parties still living and able to show their defense, under the cases bearing on the question when a suit will

or will not be dismissed for failure to prosecute with diligence after it is brought, I do not think we would be warranted in dismissing the suit for this cause. It takes longer delay and death of parties or loss of evidence to call for such a dismissal. *Crawford* v. *Patton,* 11 Grat. 374; *Hays* v. *Good,* 7 Leigh 452; *Mayo* v. *Carrington,* 19 Grat. 74; *Buster* v. *Holland,* 27 W. Va. 511; *Tapp* v. *Rankin,* 9 Leigh 478; *James River Co.* v. *Littlejohn,* 18 Grat. 80. We affirm the decree.

*Affirmed.*