## CHARLESTON.

FOLAND *et ux* v. BROWNFIELD.

BLATT, ADM'R, v. BROWNFIELD.

Submitted November 18, 1913.    Decided November 25, 1913.

1. APPEAL AND ERROR—*Decisions Appealable—Non-resident Owner.*

   An appeal by a non-resident whose property has been proceeded against by order of publication and sold, without service of pro-

cess upon him or appearance, does not lie from alleged void entries and decrees in the proceedings, nor from an order dismissing a motion to correct, set aside and vacate such entries and decrees, nor from erroneous decrees entered in the cause. (p. 273).

2.  SAME—*Correction—Remedies of Non-resident Defendant.*
    The remedy for excesses of authority and correction of errors in such cases, is in the court below on a rehearing or a bill in equity offering to do equity, or, if the decrees are void, by a collateral proceeding for the recovery of the property sold. (p. 275).

Appeal from Circuit Court, Wetzel County.

Motions by George F. Foland and wife and by one Blatt, as administrator of John Seidler, against Isaac H. Brownfield. From decrees for plaintiffs, defendant appeals.

*Appeals dismissed as improvidently awarded.*

*S. Bruce Hall* and *McCamic & Clarke,* for appellant.

*Thos. P. Jacobs, Frank V. Iams,* and *M. R. Morris,* for appellees.

POFFENBARGER, PRESIDENT:

These two appeals are from orders dismissing motions to set aside or vacate certain decrees as being void for want of jurisdiction.

The appellant, a resident of the state of Pennsylvania, purchased the coal and mining rights in two tracts of land, and the deeds of conveyance reserved vendor's liens for deferred installments of the purchase money. The grantors were, respectively, George Foland and John Seidler. Default having been made in the payment of the purchase money notes, Foland and Blatt, the administrator of Seidler, brought separate suits to enforce the liens. The returns on the process having shown the non-residence of the defendant, orders of publication were awarded July 6, 1910. According to the certificates of the publisher of the newspaper in which they were inserted, the first publication was made on the 15th day of July, 1910, and the last on the 5th day of August, 1910. Nevertheless, at August Rules, covering August 1st, 2nd and 3rd, the clerk made this entry: "Order of publication returned executed," and at the September Rules, this one: "Cause set for hearing," and placed the

causes upon the docket for the next term of court, beginning September 20, 1910. At the time he made the entries at Rules, he seems not to have had in his office any certificates of the publication of the orders of publication or any formal proof of the publications. Certificates thereof were filed on September 21, 1910, and decrees of sale were entered September 24, 1910. Notwithstanding the failure of Brownfield to appear in response to the orders of publication, the decrees entered were personal, requiring him to pay the amounts of purchase money ascertained to be due and owing. Under them, the properties were sold and by subsequent decrees the sales were confirmed and the purchase money distributed and deeds were made to the purchaser, the Federal Realty Company. On his petitions for re-hearing, allowed in such cases by statute, the appellant was admitted on the 22nd day of May, 1911, and granted leave to make defense to the decrees and proceedings in the causes. He then demurred to the bills and his demurrers having been overruled, filed his answers in the causes. On the 3rd day of July, 1911, a motion was made in vacation, pursuant to notice, to correct, set aside or vacate the several decrees and the orders entered at rules, which motion was then docketed and later dismissed at a regular term of the court, upon the motion of the Federal Realty Company, the purchaser, and Foland and Blatt, the plaintiff in the causes.

The grounds of invalidity upon which the motions were made are prematureness of the entries at rules in the clerk's office and of the decrees of sale, total lack of proof of indebtedness and want of service of process or appearance. Elaborate briefs have been filed in support of these grounds, with citations of many authorities. Assuming the entries in the clerk's office to have been premature, and the decrees of sale to have been entered before the order of publication was completed, it is earnestly insisted that the court was without jurisdiction to pronounce the decrees and the clerk without jurisdiction or power to make the entries at rules, the proceeding itself being purely statutory and the statutory requirements having been omitted. As the court treated the bills, to which there was no appearance and on which there was no executed personal process, as having been taken for confessed, and entered

the decrees without proof of the indebtedness, much authority is cited to show there was no jurisdiction to enter the decrees for the sale of the property. On the other hand, it is insisted by counsel for the appellees that the orders of publication were completed before August Rules, and that the clerk's entries cannot be contradicted by the certificates of the publisher, or that his findings and entries are to be accorded greater probative force than the certificates of the publisher. A further contention is that in any event the orders of publication had been completed before September Rules and the causes properly placed on the docket before the decrees were entered at the ensuing term. Counsel for the appellant say no decree could be entered at the September term, if it be conceded that the orders of publication were completed before that time, because the statute gave to the defendant the whole of the September term, it being the next one after the completion of the order of publication, in which to appear, wherefore no trial could be had at that term. Counsel for the appellees, however, do not acquiesce in this view of the statute.

As the motions must be viewed in the light and situation of the parties and the status of the cause and the property affected by the proceedings, it is unnecessary to consider any of these jurisdictional questions. If prematureness of the entries at rules in the clerk's office and want of jurisdiction to pronounce the decrees of sale be conceded, the court nevertheless has jurisdiction to make restitution of the rights disturbed by its unauthorized action and restore, as far as possible, the *status quo*. *Beardsley Co.* v. *Ashdown & Co.*, decided at this term and not yet reported. The answers filed do not deny the indebtedness for which the property was sold. On the contrary, they admit it and offer payment thereof, but the equitable proposition thus made in the answers is abandoned by these motions, having for their purpose the annulment of the entries and decrees so as to place the property and the parties to the cause apparently or actually out of the court and beyond its jurisdiction. Though the motive of this procedure is not disclosed by any expression thereof in the record, the motions or the argument, the purpose is no doubt either to anticipate and control the future action of the court in the rehearings of the causes or to place the pro-

ceedings in such condition that the rehearings may be abandoned and other proceedings instituted to recover the possession of the property from the purchaser. The motions to vacate were prosecuted as proceedings separate and distinct from the rehearings, and were unattended by any offer to do equity, although made in a court of equity. The plaintiffs are entitled to their money and security therefor upon the property until paid, and the purchaser, if he should lose the land, may have equities the court ought to take cognizance of in the process of restitution.

The circuit court had jurisdiction to vacate the orders and decrees complained of on the motion made, if they were void for want of jurisdiction, but, having jurisdiction and power in such case to restore the *status quo,* it clearly had discretion as to the time and order of correcting its own errors and void acts. The motions were made in causes of which the court may not have acquired jurisdiction, at the dates of the entries and decrees complained of, but, nevertheless, under circumstances that have conferred upon the court a qualified jurisdiction at least, power to right the wrongs done under its decrees, and, in the execution of that power, it has the right to control the procedure and discretion as to the order and time of its action within the limits of its powers, just as in other cases. The entries and decrees assailed by the motion enter into the work or process of restoration, wherefore the court may properly let them stand until it is ready, or under a duty, to make final disposition of the matters within its jurisdiction.

This conclusion does not place the appellant in the situation of having made general appearances in these causes by his motions to vacate the entries and decrees, or as having waived any jurisdictional defects in the proceedings therein. It involves and decides no more than that a court of equity, having at least a limited and qualified jurisdiction, is not bound to entertain a motion whose purpose it is to withdraw from such qualified jurisdiction part of the subject matter thereof. Nor is it to be understood as implying or including necessity of jurisdictional defects or errors as grounds for the rehearing of judgments and decrees against

the property of non-residents proceeded against by order of publication.

As the purposes of these appeals are to obtain reviews of the entries and decrees complained of in the motions the court dismissed, they may be regarded as irregular and unauthorized appeals from the entries and decrees themselves, rather than from the order dismissing the motion, for the validity of the entries and decrees are the only questions discussed in the briefs. Moreover, the petition itself complains of the alleged void orders as well as of the order dismissing the motions. In so far as the proceedings in the causes are merely erroneous and not void for want of jurisdiction, the remedy of the appellant is in the court below on the petitions for rehearing, and no appeal lies to this Court from them, until after the proceedings on the petitions for rehearing have ended. The statute gives right to a rehearing for correction of errors and also to make defense on the merits. In so far as the proceedings are void, if any of them are, a question we do not here decide, they too may be vacated and set aside in the rehearing proceedings, for the reasons already stated, namely, that the court may properly restore, as nearly as possible, the *status quo.*

In status, *Platt* v. *Howland,* 10 Leigh 507, was almost exactly the same as these causes, when an attempt to appeal was made. The court held the appeal premature: and the decision has been followed in *Handy* v. *Scott,* 26 W. Va. 710; *Vance* v. *Snyder,* 6 W. Va. 24; *Meadows* v. *Justice,* 6 W. Va. 198; *Barbee & Co.* v. *Pannill &c.,* 6 Gratt. 443; *Lenows* v. *Lenow,* 8 Gratt. 349.

Upon these conclusions, principles and authorities, the appeals will be dismissed as having been improvidently allowed.

*Appeal dismissed as improvidently awarded.*