# CHARLESTON

FULTON v. RAMSEY *et als.*

Submitted March 9, 1915.    Decided March 23, 1915.

1. EQUITY—*Final Decree—Jurisdiction to Set Aside.*
   Sections 11 and 12, serial sections 4842 and 4843, chapter 127, Code 1913, properly construed, do not give jurisdiction to set aside final judgments or decrees after the end of the term, they are limited to dismissals or non-suits before final decree, and to judgments and orders of that character.    (p. 48).

2. SAME.
   A decree showing appearance by plaintiff, and admission by him of satisfaction and discharge of all claims and demands against defendants and each of them, and on his motion dismissing the cause, and releasing the attachment sued out therein and levied on the property of defendants, is a final decree, and cannot at a subsequent term, under said sections, be set aside either on motion of an original party or of a stranger interested in the subject matter of the suit.    (p. 48).

3. JUDGMENT—*Final Decree—Jurisdiction to Set Aside—Pleading and Process—Necessity.*
   While courts of record independently of statute have inherent power after the term, for good cause shown, to set aside their final judgments and decrees and to reinstate causes on their dockets, they have no such jurisdiction in the absence of proper pleadings and process to the parties.    (p. 49).

(LYNCH, JUDGE, absent.)

Appeal from Circuit Court, Braxton County.

Suit by Elwood D. Fulton against Joseph Ramsey, Jr., and others. From the decree, William Crennell, Jr., intervening petitioner, appeals.

*Affirmed.*

*Linn & Byrne* and *John W. Davis,* for appellant.

*Benjamin A. Richmond* and *Haymond & Fox,* for appellee.

MILLER, JUDGE:

This is an appeal by William Crennell, Jr., not a party to the original cause, but a stranger, from a decree pronounced July 19, 1913, on motion of Henry G. Davis, one of the defendants to the original cause, appearing solely for the purpose, setting aside a supplementary decree made December 9, 1912, on the ex parte petition and motion of appellant, setting aside the final decree pronounced in said original cause on June 24, 1912, and reinstating the case on the docket, on the ground that said decree of December 9, 1912, was improvidently made, without jurisdiction to enter the same, and ordering the cause to be stricken from the docket.

The final decree of June 24, 1912, which appellant by his intervening petition sought to vacate and set aside, and to be permitted to intervene in and further prosecute the cause, admits satisfaction of all claims and demands set out in the bill against each and all of the defendants thereto, and on plaintiff's motion ordered that the bill be dismissed satisfied, and that all orders and decrees in his favor theretofore entered therein be discharged, and all claims to any and all sums against each and all of the defendants on account thereof be released satisfied and discharged, and that the several attachments sued out by the plaintiff therein and levied upon coal lands in the counties of Braxton, Gilmer, Lewis and Harrison, in the State of West Virginia, be discharged and released, and that all matters and things involved in said proceeding upon the part of the plaintiff were by him acknowledged to be satisfied and discharged, and each and all of the parties defendant released and discharged therefrom. And a copy of said order was ordered to be recorded in the office of the clerk of the county court of the respective counties in which attachments were levied as aforesaid, as evidence of the release and discharge thereof.

In his said petition to intervene appellant bases his right on an alleged assignment by Fulton to him of February 18, 1910, and rights thereby acquired, and alleged notice thereof

to defendants, and the alleged wrongful, illegal, fraudulent and collusive dismissal of said cause, without his knowledge or consent.

The assignment referred to in said petition, after reciting the pendency of a suit in equity instituted by Crennell against Fulton, in the Court of Common pleas, of Fayette County, Pennsylvania, to recover certain moneys set forth in the amended bill therein, and of another suit in equity instituted by him against said Fulton and others, in the Circuit Court of Braxton County, West Virginia, to recover the claims set forth in the bill filed therein, embracing the same which were involved in said first mentioned suit, and that in the said last mentioned suit an attachment had been sued out against the property and claims of said Fulton, and upon which attachment T. Marcellus Marshall had been designated as being indebted to or having in his possession property and claims belonging to said Fulton, and who was summoned to answer, and had filed his answer, and whereby it appeared that said Marshall, by decree of the Circuit Court of the United States for the Northern District of West Virginia, at Parkersburg, was indebted to said Fulton, and that the amount of said decree was claimed by W. E. Haymond by assignment from said Fulton, provides, that in consideration of the waiver by Crennell of his attachment in the cause so pending in the Circuit Court of Braxton County, to be evidenced by an order to be entered of record therein, Fulton thereby, but without in any manner recognizing or conceding the claims of Crennell, and reserving the right to make full defense thereto, assigned and transferred to Crennell so much of the moneys claimed by him in the suit in equity instituted by him against Joseph Ramsey and others in the Circuit Court of Braxton County, as might be sufficient to satisfy any decree that might be pronounced in favor of Crennell in either of the two suits aforesaid so instituted by him, and thereby authorized and directed the application of any money which might be recovered by him or to which he is entitled in said suit against Ramsey and others, toward the satisfaction in whole or in part of any decree which might be so obtained by said Crennell; said assignment not to operate to impede or in any wise obstruct or delay the prosecution of

the suits of the said Crennell, or to in any way prejudice his rights, save and except with reference to indebtedness so existing against the said Marshall; and said assignment was in no event to be so construed to prejudice Fulton as to any jurisdictional questions which might be involved in the suit instituted by Crennell in the Circuit Court of Braxton County against him.

In his intervening petition appellant also alleges that by decree or order pronounced on September 19, 1912, in his cause against Fulton in the Common Pleas Court of Fayette County, Pennsylvania, referred to in said assignment, Fulton had been required to account to him as set forth in said decree, a copy of which he exhibits with his petition.

The decree so made on appellant's said petition, without notice to or process against the parties, after reciting the petition, and appellant's motion, set aside said decree of June 24, 1912, and reinstated said cause on the docket, and directed that it be further prosecuted, either in the name of said petitioner, or by petitioner as a co-plaintiff with said Fulton; but provided that no further proceedings should be had therein until the defendants should have had due notice of said order. So that if we should now sustain appellant's appeal and reverse and set aside the order now appealed from, it would result in reinstating said decree of December 9, 1912, pronounced without any process or notice to defendants, and deprive them of the benefits of the decree of June 24, 1912, without an opportunity to be heard thereon, or on any of the issues of fact presented by said petition.

Appellant would support the authority and jurisdiction of the court to pronounce said decree of December 9, 1912, on two grounds: First, on sections 11 and 12, serial sections 4842 and 4843, chapter 127, Code 1913; second, on the inherent power and jurisdiction of courts of record over their final judgments and decrees not only before but after the end of the term at which they are entered, to set them aside for cause.

We inquire then, can the decree of December 9, 1912, be sustained upon the authority of said sections 11 and 12, of chapter 127, of the Code? This depends on whether those sections apply to decrees of that class. We have distinctly

decided that those sections do not apply to suits closed by final decrees, but only to non-suits and dismissals before decree, or to orders and decrees which amount to no more than dismissals or non-suits. *Waldron* v. *Harvey*, 54 W. Va. 608, 615; *Glascock* v. *Brandon*, 35 W. Va. 84; *Pethtel* v. *McCullough*, 49 W. Va. 520. The decree here amounted to more than a mere dismissal or non-suit; and to more than a mere retraxit, which, technically speaking, is the voluntary acknowledgment that plaintiff has no cause of action and will proceed no further, made by him in open court. *McPherson* v. *Swift*, 116 N. W. 76, 82, 22 S. D. 165, 133 Am. St. Rep. 907, note; *Pethtel* v. *McCullough, supra.* It amounted to a final decree, barring recovery, and a new suit for the same cause. It is the acknowledgment of satisfaction of any claim or demand plaintiff may have had, and for this additional reason is all the more binding on him. *Miller* v. *Beck*, (Iowa) 79 N. W. 344, 346. True the decree in terms does not appear to have been a consent decree; but does it not amount to the same thing? Such a decree by our decisions amounts to an adjudication of the merits of the cause. *Pethtel* v. *McCullough, supra.* It is an adjudication of every thing which was actually, or might have been litigated in the suit as to the parties to that suit. *Wohlford* v. *Compton*, 79 Va. 333.

But, on the second proposition, relied on, had the court inherent power for causes alleged in appellant's petition to set aside such final decree and reinstate the cause? For good cause shown, and fraud in the procurement of a decree is one of such causes, it is generally held that courts of record do have inherent power, even on the complaint of strangers, with substantial rights or interests in the subject matter of the litigation, and on proper showing, to set aside and vacate their judgments and decrees, and to reinstate the same on the docket. But, after the term, such power and jurisdiction does not exist without pleadings and process. *National Power & Paper Co.* v. *Rossman*, (Minn.) 142 N. W. 818, 820, 821; 15 Ency. Pl. & Pract. 273.

Numerous other questions were presented in the briefs and oral arguments of able counsel, such as laches on the part of Crennell; whether said assignment amounted to an equitable assignment or lien on the claims of Fulton; or a mere con-

tract for an assignment or equitable lien in the event Crennell should thereafter recover of Fulton anything in his said suits against him, and was such a contract as entitled Crennell to intervene before decree or judgment against Fulton. Inasmuch as the proper parties were not before the court on said petition, and the court had no jurisdiction to pronounce the decree of December 9, 1912, thereon, we do not think it would be proper, in the absence of the parties, to anticipate those questions, or express any opinion thereon.

We are of opinion, therefore, to affirm the decree, with the proviso that nothing here or in the decree appealed from shall prejudice the rights of appellant to any relief to which he may be entitled on said petition or in any proper suit or proceeding hereafter instituted by him to vindicate his rights in the premises.

*Affirmed.*