ENOS MOORE, *et al.* v. ANNA J. PYLES, *et al.*

(CC 613)

Submitted September 13, 1939. Decided October 31, 1939.

*George R. Farmer* and *John Shriver*, for plaintiffs.
*Albert Shuman* and *Clarence Roby*, for defendants.

RILEY, JUDGE:

This certificate involves the rulings of the Circuit Court of Monongalia County in sustaining a demurrer to plaintiffs' amended bill of complaint.

Enos Moore, Simon Myers and Elimna Myers, plaintiffs in the amended bill, are three of the four creditors of the estate of Martha A. Tennant, deceased, and the defendants are the administrator of said estate and all the parties who, with the exception of the holders of several minor interests, have, as heirs at law or by assignment, obtained and hold the legal title to the real estate of which decedent died seized and intestate. The purpose of the suit is to have enforced against the defendants as a judgment lien a decree of sale, entered by the Circuit Court of Monongalia County on April 26, 1930, in a creditor's suit (*Spragg* v. *Tennant, etc., et als.*) to subject decedent's real estate to the payment of her debts.

On October 18, 1929, M. C. Spragg, one of the four creditors of decedent's estate, instituted a suit in chancery on behalf of himself and all creditors of decedent against decedent's heirs at law and their attorney in fact for the purpose of subjecting the real estate of decedent

to sale for the payment of debts. In this suit reference was had to a commissisoner in chancery who completed and filed his report. By his decree of April 26, 1930, confirming the commissioner's report, the chancellor made findings as to (1) personal property remaining in hands of the administrator; (2) debts against the estate and their priorities; and (3) real estate owned by decedent at her death. This decree also appointed a special commissioner, prescribed the terms and manner of sale and provided that decedent's administrator, "or her heirs at law, or someone for them, do, within 30 days from the rising of this court, pay unto" the estate's creditors the amount of their claims with interest thereon from April 1, 1930, until paid, and court costs, "and in default of such payments, it is adjudged, ordered and decreed that said real estate be sold or so much thereof as may be necessary to pay off and discharge all of the said debts above ascertained and the costs of this suit, at public auction to the highest bidder." Before any sale was made under this decree, George D. Tennant, one of the decedent's heirs at law, on June 20, 1930, purchased Spragg's rights under it, and about the same time, requested the other creditors not to direct sale, representing that the heirs at law would pay the indebtedness in full. Thereafter, Tennant made a number of partial payments. He then stated to the creditors that he was authorized to collect rents and income derived from decedent's real estate and thereafter made additional payments in small amounts, insufficient, however, to satisfy the claims. On April 14, 1933, two of the creditors, Simon Myers and Elimna Myers, plaintiffs herein, having learned of the Spragg assignment, had themselves transposed to the role of plaintiff.

In addition to the foregoing, the amended bill of complaint further alleged that on December 16, 1933, and without notice to the plaintiffs herein, the circuit court ordered the discontinuance of the case for non-payment of costs under Code, 56-8-9; and that notice of such discontinuance did not come to plaintiffs until the expiration of the period of three court terms, the time limit for re-

instatement prescribed by Code, 58-8-12; that the decree of April 26, 1930, is a judgment lien against the lands belonging to decedent's estate; that the amounts decreed to be paid remain unpaid and continue as liens upon the real estate except that said claimed liens do not attach to the undivided interest in the real estate which was conveyed to one Zola Reynolds and Ellis A. Yost. It is further alleged that abstracts of the claimed liens are recorded in the county clerk's office of Monongalia County and that the rents, issues and profits of the real estate will not in five years pay off and discharge plaintiffs' claimed liens.

The instant suit was brought on the theory that plaintiffs are judgment lien creditors. This appears from the amended bill of complaint in which they set themselves up as judgment lien creditors and pray for the enforcement of their claimed judgment liens against the real estate. It further appears that they are not proceeding as in a creditor's suit for only lien creditors are joined as parties defendant, as required by Code, 38-3-10. 1 Carlin's Hogg's Equity Procedure, sec. 61.

Plaintiffs assert that the decree of April 26, 1930, is a final decree; that it requires the payment of money and therefore is a money judgment; and that the discontinuance of the cause by the circuit court affects the decree only to the extent that a sale cannot be made under it. True, this decree is final in the sense that it adjudicates the principles of the cause and provides for sale of decedent's real estate. To that extent it has finality but only in the sense that, in proper cases, an appeal may lie from it, or it may be altered in the trial court on a bill of review, or an original suit in the nature of a bill of review. *Lehman et al.* v. *Hinton et al.*, 44 W. Va. 1, 29 S. E. 984; *Barbour, Stedman & Herod* v. *Tompkins,* 58 W. Va. 572, 580, 52 S. E. 707; 3 L. R. A. (N. S.) 715; *Weldon* v. *Callison,* 119 W. Va. 306, 193 S. E. 441. But that is not the case here, for plaintiffs are seeking to use the instant decree as a basis for affirmative action. Their case must stand or fall on the question whether or not the decree

is one for money or for real estate. Code, 38-3-1, provides "a decree for land or specific personal property and a decree or order requiring the payment of money shall have the effect of a judgment for such land, property or money, and be embraced by the word 'judgment' * * *." Clearly, this decree is not for land. The legal title in decedent's real estate resides in her heirs at law and their assignees, and the decree does not seek to divest them of their property by the transfer of their title to plaintiffs. It simply provides that decedent's heirs at law or someone for them shall have the opportunity to pay the adjudged debts, and in default thereof sale of the real estate to discharge said debts will be made. It seems equally clear that the decree is not a money judgment. A money judgment is nothing more or less than the unconditional obligation to pay money. Here, the provision as to the money payment does not give rise to any obligation. On the contrary, it simply gives heirs at law an opportunity, by the payment of decedent's debts, to prevent sale of the real estate. In *Linn* v. *Patton, Trustee, et al.*, 10 W. Va. 187, this court held that in a mortgage foreclosure suit a decree providing that "unless the defendants * * * did * * * pay to the complainant $2,270, with interest * * *," the property should be sold, was not a decree for the payment of money and did not create a judgment lien on the lands against which foreclosure was sought. Thus it seems that this decree of April 26, 1930, failing as it does to create a lien, did not withstand the effect of the discontinuance of the cause. In *Irvin* v. *Stover*, 67 W. Va. 356, 67 S. E. 1119, 1121, it was held that, in a fraudulent conveyance suit, a decree setting aside a deed and directing a sale of the land was without effect where there was no sale under it, and the suit was dismissed on plaintiff's motion, and "the suit * * * having been dismissed before any sale of the land under the decree, it can have no effect upon the title to the land; it is as if the suit had never been brought." The decree here is simply a decree of sale, conditional upon the payment of money.

Where a statute provides a remedy, a party litigant is

not at liberty to proceed in any other way. The orderly conduct of litigation will not permit a departure from this rule. *Shenandoah Valley Nat'l. Bank* v. *Hiett, et al.,* 121 W. Va. 454, 6 S. E. (2d) 769; *Foland et ux.* v. *Brownfield,* 73 W. Va. 270, 275, 80 S. E. 359; *Handy et al.* v. *Scott, Baker & Co., et al.,* 26 W. Va. 710; *Stevens, use, etc.* v. *Brown,* 20 W. Va. 450, Pt. 1, Syl. Whatever remedy plaintiffs had was provided by Code, 56-8-12. Having failed to petition for the reinstatement of the case as provided by this section of the Code, they cannot transform this case into such a petition. To do so would be a clear departure from the aims of the instant suit, which cannot be tolerated under our well settled rules of equity practice and procedure. Having let three terms of court lapse without sufficient explanation, the elements of fraud or other sufficient grounds not being present in the record, surely plaintiffs are not entitled to reinstatement here, not even under an amendment of their pleadings. And, in the absence of fraud or wrongdoing, this court, notwithstanding its inherent jurisdictional powers to enforce its own decrees or those of trial courts, is helpless to assist these plaintiffs in their present endeavor.

In passing, it may be said that it is of little moment that the decree is personal as against the administrator. The legal title to the real estate remains in the heirs and a decree or judgment against the administrator does not effect a lien against it. *Laidley* v. *Kline, Admrx.,* 8 W. Va. 218, 228.

For the foregoing reasons the decree of the Circuit Court of Monongalia County is affirmed.

*Affirmed.*

Fox, PRESIDENT, dissenting:

I respectfully dissent from the holding of the majority in this case.

I cannot agree that the order of dismissal in the case of *Spragg* v. *Tennant,* hereafter termed the original suit, by

reason of the non-payment of costs, operated to completely destroy the decree of April 26, 1930, entered therein. I think that decree, so far as it fixed the liability of the Tennant estate, remains unaffected by the dismissal. The only effect of the dismissal was to prevent its enforcement in that case, unless reinstated within the prescribed period, or by a showing of sufficient ground for reinstatement after the expiration of the statutory period. No ground for reinstatement being shown in the record before us, it is assumed that none exists.

In my judgment the creditors of the Tennant estate have a right to have their ascertained and decreed indebtedness paid out of the real estate directed to be sold in the original suit. This real estate still remains assets for the payment of debts under the provisions of Code, 44-8-3. The institution of the original suit, and its prosecution to the point where the debts of the estate were decreed and real estate directed to be sold, must be given some effect. It matters not whether we call that decree a money judgment or something else. It fixed and determined the rights of the creditors of the estate to have certain sums of money paid to them and, if necessary, to have certain real estate sold therefor. The reference of the original suit to a commissioner in chancery stopped the running of the statute of limitations, and when debts were decreed, a right was created which could be asserted within the period in which a money judgment or decree could be enforced. By reason of their indulgence or neglect, these creditors may have lost their right to have the real estate sold in the original suit, but their right to have the assets of the Tennant estate applied to the payment of their claim remains, and equity will not allow a just claim to fail for lack of remedy.

It is contended that the decree of April 26, 1930, is not a judgment for the payment of money. The decree provides that the personal representative of the decedent, "or her heirs at law, or someone for them, do within 30 days from the rising of this court, pay unto" certain creditors the amount of claim set out in the decree, and

then further provides that in default of such payments, certain real estate be sold. It is quite different from the decree in *Linn* v. *Patton,* 10 W. Va. 187, which provided that "unless" a certain sum of money were paid within a certain period, real estate should be sold. Under our procedure for the settlement of the estates of decedents, there can never be a personal judgment for the payment of money either against the personal representative or the heirs, except in a case where an heir has placed himself under liability by reason of having received property of the estate. Code, 38-3-2 provides that "persons entitled to the benefit of any decree or order requiring the payment of money shall be deemed judgment creditors"; and Section 6 of the same article provides that "every judgment for money rendered in this state * * * shall be a lien on all real estate of or to which the defendant in such judgment is or becomes possessed or entitled". Of course, the personal representative, in this case an administrator, was not the owner of any real estate to which any judgment might attach and therefore, and strictly speaking, the decree under consideration did not create a judgment lien against the real estate owned by the decedent at the time of her death. However, the statute, Code, 44-8-3, made the real estate of the decedent assets for the payment of debts, and it was not necessary that any lien be created. The right to have the land sold was a right accruing under the statute, independently of any judgment or decree. What the decree of April 26, 1930, did was to preserve to creditors the right created by the statute, a right which they could assert in an independent suit, it appearing that no other way is open for its vindication. The amended bill may have been prepared on the wrong theory, but the facts stated therein would, in my judgment, warrant the relief prayed for.

The effect of the majority opinion is to destroy all rights acquired by the creditors under the decree of April 26, 1930, and forces them to rely upon their original claims. The original suit was instituted October 18, 1929, and it is quite probable that the statute of limitations, the

pleading of which by the personal representative for his own protection being mandatory under Code, 44-4-13, bars the creditors from any relief. Such a result ought not to be permitted if there is, within sound principles and practices, a way to avoid it. I have endeavored to point the way.

I would reverse the action of the circuit court and remand the cause for further proceedings.