ARLAN'S DEPT. STORE OF HUNTINGTON, INC.,

*a W. Va. corp., and* SANDRA LEE TRENT

*v.*

ROBERT C. CONATY, *Judge*

*Circuit Court of Cabell County*

(No. 14326)

Decided April 10, 1979.

*E. Dennis White, Jr., Bernard T. Nibert, II, Clovis D. Kuhn* for relators.

*Baer, Napier & Colburn, Jamees Allan Colburn* for respondent.

McGraw, Justice:

In September, 1970, an action was instituted in the Circuit Court of Cabell County, West Virginia, on behalf of a 13-year-old girl to recover damages for an alleged false arrest. The defendant filed a timely answer and later in January, 1971, the National Detective Bureau, Inc. and Betty Sue Robinson were made third-party defendants. The defendant corporation, Arlan's Department Store of Huntington, Inc., is now defunct and dissolved, but its insurer is not. No further action was taken in the proceeding until January, 1975, when, pursuant to W.Va. Code, 56-8-9 [1923], the action was dismissed and discontinued from the active docket for failure to prosecute.

Over 2-1/2 years later in September, 1977, plaintiff, by counsel, moved the circuit court to reinstate the action; notice of motion was served on the original defendants but not on the third-party defendants. At the reinstatement hearing, counsel for plaintiff gave various reasons for the plaintiff's failure to prosecute. However, no evidence was given in support of the representations of plaintiff's counsel and no record of the proceeding was made. In November, 1977, the respondent judge, over objections, granted the motion to reinstate the civil action to the active docket.

Thereafter, the original defendants below filed a petition in this Court seeking ultimately, among other things, the issuance of a writ of prohibition directing the respondent to refrain and desist from enforcing the order reinstating the action.

The relators contend the circuit court was without jurisdiction to enter the reinstatement order, and thus exceeded his legitimate authority in doing so for essentially two reasons. First, plaintiffs' failed to make a reinstatement motion within three terms of court as required by W.Va. Code, 56-8-12 [1923] and therefore is not entitled to invoke the jurisdiction of the circuit court to obtain reinstatement of a case involuntarily dismissed or discontinued. Secondly, the circuit court lacked jurisdiction to grant the reinstatement motion because the plaintiffs failed to give notice to all parties of record as required by R.C.P. 5(a).

On the other hand, the respondent asserts that if W.Va. Code, 56-8-12 is interpreted to mean that a circuit court under no circumstances has the authority or jurisdiction to reinstate a case when a reinstatement motion is not filed within three terms of court following the order dismissing or discontinuing the case as required by W.Va. Code, 56-8-12, then the Legislature, by enacting such a provision, has impermissibly limited the jurisdiction of circuit courts in violation of this state's constitution. The respondent also contends that a circuit court has the inherent authority to reinstate a case upon a showing of good cause.

We find that the relator is entitled to a writ of prohibition for the respondent had no jurisdiction to act outside the Rules of Civil Procedure in the circumstances of this case.

I.

Prior to the adoption of the West Virginia Rules of Civil Procedure, the law regulating the pleading, practice and procedure of civil actions in courts of record was embodied in statutory form, primarily in Chapter 56 of the West Virginia Code. These statutory provisions in some instances modified common law rules of procedure. Dismissals or discontinuances of civil actions for failure to prosecute were controlled by W.Va. Code, 56-8-9, and their reinstatement was governed by W.Va. Code, 56-8-12. The former provision permits any court, in its discretion, to strike from the docket and discontinue any case

in which there has been no order or proceeding other than to continue it for more than two years, or in which the plaintiff is delinquent in the payment of accrued court costs. The latter section permits any court, on motion, to reinstate any case dismissed within three terms after the entry of the order of dismissal.

By W.Va. Code, 51-1-4, the Legislature specifically authorized the Supreme Court of Appeals to promulgate rules and regulations governing pleading, practice, and procedure in courts of record. It also declared that "[a]ll statutes relating to pleading, practice and procedure shall have force and effect only as rules of court and shall remain in effect unless and until modified, suspended or annulled by rules promulgated pursuant to the provisions of this section."

By adoption of the West Virginia Rules of Civil Procedure,[1] effective on July 1, 1960, a comprehensive reform of civil procedure in trial courts of record was attempted. This new system superceded the former statutory rules of court to the extent that the Rules modified or are inconsistent therewith. The rules also modified some of the common law of this State as it relates to civil cases in courts of record.[2]

---

[1] The Judicial Reorganization Amendment of 1974 eliminated any remaining doubt as to the constitutional power of this Court to adopt rules of practice and procedure; *W. Va. Const*, Art 8 § 3 now explicitly confers such power on this Court.

[2] In non-rule cases, this State follows a long established general rule that after the entry of a final judgment and the adjournment of the term in which it was entered, the court has no further jurisdiction of the subject matter or the parties in the absence of a statute conferring continuing jurisdiction. Thus, a court entering such a final order cannot vacate it at any subsequent term, except to modify it for clerical error or to vacate it on such grounds as would allow a bill of review or an original bill to impeach based on fraud, mistake, surprise or accident. *See, e.g., State Road Brown v. Brown*, 135 W. Va. 579, 64 S.E.2d 620 (1951). For a historical discussion tracing this ancient common rule to the Commonwealth of Virginia, *see Enders Ex'ors v. Burch* 56 Va. (15 Gratt.) 64 (1859); R.C.P. 60(b) and R.C.P. 6(c).

The two statutory rules of court previously cited were incorporated virtually verbatim without any apparent change of substantive significance in the second paragraph of R.C.P. 41(b).[3] Because these statutory rules were not "modified, suspended or annuled" by the West Virginia Rules of Civil Procedure, they remain in effect as rules of court. From this discussion, it is manifest that the respondent's argument concerning legislative impairment of jurisdiction is untenable and must fail. Moreover, an historical analysis of the rule reveals that it expands, broadens and liberalizes the common law rule that a court has no jurisdiction to act beyond the term of court in which the order was entered. *See, Enders, supra,* n. 1.

The rules of civil procedure were designed to secure just, speedy and inexpensive determinations in every action. Neither the West Virginia Rules of Civil Procedure nor the statutory rules of pleading, practice and procedure impermissibly restrict the jurisdiction of circuit courts in the constitutional sense. The rules of civil procedure do not restrict the original and general jurisdiction of courts of record in this State; they do not remove any class of cases or restrict the types of disputes which a circuit court has judicial jurisdiction to hear and adjudicate. The rules do, however, establish procedures for the orderly process of civil cases as anticipated by W. Va. Const. Art. III, § 10. They operate in aid of jurisdiction and facilitate the public's interest in

---

[3] That paragraph reads:

Any court in which is pending an action wherein for more than two years there has been no order or proceeding but to continue it, or wherein the plaintiff is delinquent in the payment of accrued court costs, may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontinued. The court may direct that such order be published in such newspaper as the court may name. The court may, on motion, reinstate on its trial docket any action dismissed under this rule, and set aside any nonsuit that may be entered by reason of the non-appearance of the plaintiff, within three terms after entry of the order of dismissal or nonsuit; but an order of reinstatement shall not be entered until the accrued costs are paid.

just, speedy and inexpensive determinations. They vindicate constitutional rights by providing for the administration of justice without denial or delay as required by W.Va. Const. Art. III, § 17.

An integral part of this system is the establishment of time periods within which actions must be taken if they are to be taken at all. The rules are replete with time limitations designed to ensure the expeditious litigation of disputes within orderly legal procedures. If a party fails to comply with the time periods contained in the rules, he may suffer adverse consequences including the loss of his case. Here the plaintiff failed to file a motion for reinstatement within three terms of court as required by both R.C.P. 41(b) and W.Va. Code, 56-8-12. That the plaintiffs below are no longer entitled to relief from the order complained of means that the rules of civil procedure governing civil actions deprive the party of the relief sought; the remedy of reinstatement has been terminated except in special circumstances.

This effect of noncompliance with the rules is not equivalent to impermissibly depriving the court of its constitutional power or jurisdiction, and to characterize it as such will not make it so. This is not a case involving some form of "legislative dominance" as argued by the relator. Rather, the result here derives from the failure of the plaintiff below to comply with the statutory rule now encompassed within R.C.P. 41(b). Except in unusual cases, trial courts cannot relieve a party of the consequences of the failure to comply with this rule.

## II.

We turn now to the contention that a circuit court has the power to reinstate cases to the docket after the expiration of the time period for filing reinstatement motions prescribed by R.C.P. 41(b) and W.Va. Code § 56-8-12.

The general rule is that a trial court is without power to reinstate a cause after a dismissal, where the reinstatement motion conferring jurisdiction on the court to set aside a judgment of dismissal, is not filed within the

prescribed time period. *See, e.g., Wilds v. Permenter*, 228 So.2d 408 (Dt. Ct. App. Fla. 1969); 24 Am. Jur.2d *Dismissal, Discontinuance & Nonsuit* § 80 (1966); 27 C.J.S. *Dismissal & Nonsuit* § 79 (1959). There may be circumstances surrounding the order of dismissal in a specific case, however, which take it out of the general rule against vacating an involuntary dismissal after the term at which it was granted, or after the expiration of the time period fixed by statute or court rule. Consequently, it has been held that an inadvertently discontinued case may be reinstated by consent of the parties where more than three terms of court have elapsed. Syl. pt. 1, *State ex rel. Brannon v. Hudson*, 95 W. Va. 183, 120 S.E. 921 (1923). It is also generally accepted that a court can reinstate an action after the expiration of the time specified in the court rule for making a reinstatement motion where there is a showing of fraud, accident or mistake. *See*, 24 Am. Jur.2d, *supra*; 27 C.J.S., *supra*.

Our research reveals that neither West Virginia nor Virginia, from which we inherited this legislation, *see Millbank v. Ingersoll*, 29 W. Va. 396 (1887), has ever expressly held that a trial court has the power to reinstate a case discontinued for failure to prosecute after the time period for filing a reinstatement motion has expired. There is, however, language in one of our decisions clearly indicating our adherence to the general rules. In *Moore v. Pyles*, 121 W. Va. 537, 5 S.E.2d 445 (1939), the circuit court ordered the discontinuance of a case for the nonpayment of costs under W.Va. Code, 56-8-9, and the plaintiffs failed to make a motion for reinstatement within the three terms of court as required by W.Va. Code, 56-8-12. Though the litigation in that case had proceeded further than in the present case, the case remains sufficiently analogous to be applicable here. The majority opinion states:

> Where a statute provides a remedy, a party litigant is not at liberty to proceed in any other way. The orderly conduct of litigation will not permit a departure from this rule. [citations omitted]. Whatever remedy plaintiff had was pro-

vided by Code, 56-8-12. Having failed to petition for the reinstatement of the case as provided by this section of the Code, they cannot transform this case into such a petition.... Having let three terms of court lapse without sufficient explanation, *the elements of fraud or other sufficient grounds not being present in the record,* surely plaintiffs are not entitled to reinstatement here...." *Id.* at 541-42, 5 S.E.2d at 447 (1939) (emphasis added).

We hold that when proper grounds are alleged and proven a circuit court has the power and authority to set aside a final order in a case discontinued after the time prescribed for filing reinstatement motions under R.C.P. 41(b) has expired.

### III.

We must now decide whether a circuit court has the power to reinstate a case after three terms of court have expired where all parties to the original action were not served with notice of the reinstatement motion.

Once a case is validly dismissed under the two-year rule of R.C.P. 41(b) and, as in the present case, the time for filing a reinstatement motion has expired, the court no longer has jurisdiction over the cause or the parties to the action. To invoke the jurisdiction of the court, a motion must be filed stating with particularity the grounds for relief sought. R.C.P. 7(b). In order for the court to have jurisdiction over the parties to the case, notice of the motion must be given to all parties. R.C.P. 5. The same requirement of notice to the parties has been held applicable where a party seeks a court order setting aside a final judgment entered at a previous term of court and reinstating the case to the docket. *See, e.g.,* syl. pt. 3, *Fulton v. Ramsey,* 76 W. Va. 45, 84 S.E. 1065 (1915).

Consequently, we hold that a court is without jurisdiction to reinstate a case where all parties to the action are not given notice of the reinstatement motion.

## IV.

Finally, we must be concerned with whether prohibition is a proper remedy; we have no doubt that prohibition lies. In *White Sulphur Springs, Inc. v. Jarrett,* 124 W. Va. 486, 20 S.E.2d 794 (1942), the trial court sustained a reinstatement motion timely made within three terms of court under W.Va. Code, 56-8-12 following the dismissal of the action for failure to file a declaration within the time permitted by W.Va. Code, 56-4-7. The court first noted that W.Va. Code, 56-8-12 does not by its terms require good cause to be shown for reinstatement, and then recognized that this Court has always required good cause to be shown for reinstatement, *citing, Higgs v. Cunningham,* 71 W. Va. 674, 77 S.E. 273, 274 (1911) as follows:[4]

> This statute does not dispense with the showing of good cause—the showing of excuse for the neglect that has disturbed orderly legal procedure. One can not refuse to prosecute or defend and then ask to do so without showing why he thus acts so inconsistently.

This Court found that plaintiff's affidavits, indicating that the plaintiff was too ill to testify at trial, were insufficient to justify the failure to file a timely declaration. This Court then held, emphasizing reinstatement would deprive the defendant of the benefit of a statute of limitations defense and no adequate remedy by ordinary proceedings was available, that the trial court exceeded its legitimate powers in reinstating the case where nothing in the record justified the reinstatement. Accordingly, this Court awarded a peremptory writ of prohibition against the further prosecution of the case. The rationale of that decision is equally applicable to the present case, since no record of the proceedings were made. More importantly, as discussed earlier, the court did not have jurisdiction of all the parties to the original

---

[4] *Nibert v. Carroll Trucking Co.,* 139 W. Va. 583, 589, 82 S.E.2d 445, 449-50, (1954) contains a brief but accurate summary of the law applicable on a timely motion for setting aside an order of dismissal. *See, also, Murray v. Roberts* 117 W. Va. 44, 183 S.E. 688 (1936).

action and thus it lacked jurisdiction to enter the reinstatement order. Accordingly, we award the writ of prohibition to prevent any further proceeding on the improperly reinstated action.

*Writ awarded.*