# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Carl Lehman Co.,**
**Plaintiff Below, Petitioner**

**vs.)  No. 18-0294** (Ohio County 13-C-354)

**William G. Thoms,**
**Defendant Below, Respondent**

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Carl Lehman Co., by counsel Frank X. Duff, appeals the Circuit Court of Ohio County's March 19, 2018, order denying its motion to reinstate the matter on the court's docket. Respondent William G. Thoms made no appearance. On appeal, petitioner argues that the circuit court erred in denying its motion to reinstate, in light of the fact that petitioner never received a copy of the order dismissing the case and because it previously filed a motion opposing dismissal.[1]

This Court has considered the brief and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the brief, and the record presented, the Court finds that the circuit court erred in finding that it lacked jurisdiction to reinstate petitioner's civil complaint. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to reverse and remand the matter.

In October of 2013, petitioner filed a complaint against respondent alleging that respondent owed petitioner approximately $14,000 in landscaping fees. In November of 2013, respondent filed an answer and counterclaims for breach of contract and negligence. In December of 2013, petitioner filed a reply to respondent's counterclaims. Thereafter, no additional orders or filings were entered on the matter's docket sheet until 2016.

---

[1]On appeal, petitioner additionally alleges that the circuit court erred in failing to hold a hearing prior to the dismissal of this matter under Rule 41(b) of the West Virginia Rules of Civil Procedure. However, the order on appeal relates to the circuit court's denial of petitioner's motion to reinstate the matter on jurisdictional grounds. Because the Court is reversing that order and remanding with direction to consider that motion anew, we need not determine whether the circuit court erred in its initial dismissal of petitioner's complaint.

1

In March of 2016, the circuit court issued a notice of intent to dismiss due to the extended inaction in the proceedings. Several days later, petitioner filed a motion for hearing in which it asserted that the "action should not be dismissed because counsel for both parties ha[d] been trying diligently to settle the dispute." Petitioner further requested that the circuit court "conduct a hearing so a Scheduling Order and trial date may be directed." In December of 2016, without holding a hearing, the circuit court issued an order dismissing the case and striking the same from the docket. In issuing the order, the circuit court specifically found that "[t]o date, no motion ha[d] been filed in response" to the notice of intent to dismiss.

In March of 2018, petitioner filed a motion to reinstate the matter, citing the earlier filed motion for hearing in opposition to the notice of intent to dismiss. Petitioner further alleged that "counsel has learned . . . that this matter was dismissed by the Court in December of 201[6]." Petitioner provided no additional explanation for the extended delay in the filing of the motion to reinstate. On appeal, petitioner asserts that counsel contacted the circuit court by phone in February of 2018 to arrange for a scheduling conference, at which point counsel first learned that the case had been dismissed. According to petitioner, counsel never received a copy of the circuit court's December 13, 2016, order dismissing the matter.

In March of 2018, again without holding a hearing, the circuit court entered an order denying petitioner's motion to reinstate the matter. In ruling on the motion, the circuit court found that "[f]or three years, no action occurred within the case until the [c]ourt filed a Notice of Intent to Dismiss." The circuit court further noted that, "in making its decision to dismiss the case on December 13, 2016, [the court] was unaware of [petitioner's] motion for a hearing." However, the circuit court went on to find that "after reviewing [petitioner's] motion for a hearing, the Court is of the opinion that the result would have been the same." This was based upon the fact that the circuit court's notice of intent to dismiss indicated that good cause would be required to overcome dismissal, yet petitioner's motion for a hearing simply indicated that the parties had been engaged in unsuccessful settlement negotiations in the three years in which no filings were entered in the case. Additionally, the court based its ruling on the fact that the dismissal order was entered in December of 2016, yet petitioner allowed more than a year to pass before filing the motion to reinstate. Accordingly, the circuit court found that it was "without jurisdiction to reinstate the case as Rule 41 of the West Virginia Rules of Civil Procedure requires that any case reinstated must be within three terms of Court of the dismissal." It is from the circuit court's order denying petitioner's motion to reinstate that petitioner appeals.

We have established the following standard of review:

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review." Syl. Pt. 2, *Walker v. West Virginia Ethics Com'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

*Lauderdale v. Neal*, 212 W. Va. 184, 569 S.E.2d 431 (2002). Upon our review, we find that it was error for the circuit court to deny petitioner's motion to reinstate on the basis that it lacked

jurisdiction to grant the relief requested and that it would have still dismissed the matter even if it had been aware of petitioner's motion for a hearing.

> Rule 41(b) of the Rules of Civil Procedure provides as follows:
>
> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits.
>
> Any court in which is pending an action wherein for more than one year there has been no order or proceeding, or wherein the plaintiff is delinquent in the payment of accrued court costs, may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontinued. The court may direct that such order be published in such newspaper as the court may name. The court may, on motion, reinstate on its trial docket any action dismissed under this rule, and set aside any nonsuit that may be entered by reason of the nonappearance of the plaintiff, within three terms after entry of the order of dismissal or nonsuit; but an order of reinstatement shall not be entered until the accrued costs are paid.
>
> Before a court may dismiss an action under Rule 41(b), notice and an opportunity to be heard must be given to all parties of record.

In the order on appeal, the circuit court specifically found that because petitioner's motion to reinstate was filed "[m]ore than a year . . . since the dismissal of the action," it was "without jurisdiction to reinstate the case as Rule 41 of the West Virginia Rules of Civil Procedure requires that any case reinstated must be within three terms of [c]ourt of the dismissal." While this is true, the circuit court ignored our prior holdings on reinstatement, wherein the Court instructed that

> [w]hen a party fails to make a reinstatement motion within the time period prescribed by R.C.P. 41(b) . . . , such party is not entitled to reinstatement of a case to the docket and the court is without power to grant such relief, *except where the parties consent, or where good cause is shown such as fraud, accident, or mistake*.

Syl. Pt 1, in part, *Arlan's Dep't Store of Huntington, Inc. v. Conaty*, 162 W. Va. 893, 253 S.E.2d 522 (1979) (emphasis added). Accordingly, the circuit court's finding that it lacked jurisdiction to grant the motion is erroneous, given that it could have granted the motion upon the parties' consent or a finding of good cause.

Additionally, the circuit court's further justification for denying the motion to reinstate ignores other clear authority. Despite recognizing that it was "unaware of [petitioner's] motion for a hearing," the circuit court nonetheless found that such motion would not have changed its intention to dismiss the matter. Essentially, the circuit court asserted that even if it had been aware of petitioner's motion, it would not have held a hearing on the notice of intent to dismiss because

3

it believed petitioner's stated basis against dismissal was insufficient. This is contrary to this Court's direction that "[b]efore a court may dismiss an action under Rule 41(b), notice *and an opportunity to be heard* must be given to all parties of record." Syl. Pt. 2, in part, *Dimon v. Mansy*, 198 W. Va. 40, 479 S.E.2d 339 (1996) (emphasis added). Accordingly, any assertion that denial of the motion to reinstate was appropriate because the circuit court would have denied petitioner a hearing on the basis of its motion filed in response to the notice of intent to dismiss is also erroneous. Therefore, the order denying petitioner's motion to reinstate is hereby reversed. On remand, the circuit court is directed to consider anew petitioner's motion to reinstate, in light of the authority above. If the circuit court believes that the matter should be reinstated, then the Court notes that prior to any potential dismissal for inactivity under Rule 41(b), the parties are entitled to both notice and an opportunity to be heard.

For the foregoing reasons, we reverse the circuit court's March 19, 2018, order denying petitioner's motion to reinstate the matter on the court's docket, and remand the matter as instructed above.

Reversed and Remanded.

**ISSUED:** February 7, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison